[No. S023739. June 6, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
JANET MARIE HOBBS, Defendant and Appellant.

COUNSEL

Curry, Vasquez & Hansen and David W. Vasquez for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye and Robert R. Anderson, Assistant Attorneys General, Edmund D. McMurray, Joel E. Carey and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LUCAS, C. J.—Following her plea of no contest, defendant was convicted of having under her control, and knowingly renting, leasing, or making available, a room or space for the purpose of manufacturing or storing, for sale or distribution, a controlled substance (methamphetamine). (Health & Saf. Code, § 11366.5, subd. (a).) The evidence against her was seized pursuant to a search warrant for stolen property that was based on information furnished by a confidential informant regarding several persons suspected of receiving stolen property.

In connection with the finding of probable cause to support the issuance of the warrant, the magistrate, at the time the search warrant application was presented to him, personally examined the informant to establish that person's reliability. A tape recording of that proceeding, and a transcription of

it, as well as a separate confidential attachment to the search warrant application identified as "Exhibit C," were thereafter placed under seal in order to avoid disclosing the identity of the informant.

The trial court thereafter conducted a hearing, a portion of which was held in camera, on defendant's related motions to disclose the sealed Exhibit C and other sealed materials, quash the search warrant and suppress any evidence seized thereunder (Pen. Code, § 1538.5, subd. (d)), traverse the warrant, and discover the identity of the confidential informant. The motions were ultimately denied, and the disputed documents ordered to remain under seal. Defendant's no contest plea followed. She was placed on three years' probation, conditioned on serving three days in the county jail.

The Court of Appeal reversed, concluding that the sealing of the affidavit and utilization of the in camera review and discovery procedure infringed on defendant's due process right to reasonable access to information on which she might base a challenge to the validity of the search warrant. The matter was ordered remanded to the trial court to afford defendant the opportunity to withdraw her plea, and the People the opportunity to voluntarily disclose Exhibit C or incur a dismissal of the charge.

We granted the People's petition for review to determine whether a major portion or all of a search warrant affidavit may validly be sealed in order to protect the identity of a confidential informant, and, if so, what procedures must be followed in order to preserve the defendant's right to challenge the warrant's legality.

I.

At the outset we must determine whether defendant's plea of no contest precludes appellate review of the denial of her motions to disclose the sealed portion of the search warrant affidavit and discover the identity of the confidential informant. "Issues cognizable on an appeal following a guilty [or no contest] plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872]; see Pen. Code, § 1237.5.)

The Attorney General attacks the propriety of the appeal by characterizing defendant's challenge to the sealing of the search warrant affidavit as an appeal from the denial of her motion to disclose the identity of the informant. So construed, the challenge would relate to defendant's guilt, rather than the legality of the search pursuant to warrant, and would have

been waived by her plea of no contest. (*People* v. *Castro* (1974) 42 Cal.App.3d 960, 963 [117 Cal.Rptr. 295] [order denying motion to disclose identity of confidential informant not reviewable on appeal after plea of guilty or no contest because purpose of motion related solely to defendant's guilt or innocence]; *People* v. *Duval* (1990) 221 Cal.App.3d 1105, 1114 [271 Cal.Rptr. 240] [same].)

In contrast, an exception to the general rule barring appeal is set forth in Penal Code section 1538.5, subdivision (m), which provides, in pertinent part, that "[a] defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty [or no contest]. Such review on appeal may be obtained by the defendant provided that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence." Accordingly, if defendant's challenge to the sealing of the affidavit was directed to the legality of the search, it is cognizable on appeal pursuant to that statutory exception.

The Attorney General raised a similar procedural challenge in *People* v. *Seibel* (1990) 219 Cal.App.3d 1279 [269 Cal.Rptr. 313] (*Seibel*). He argued that the defendant's motions to unseal a search warrant affidavit were not motions to suppress evidence under Penal Code section 1538.5, and that defendant's guilty plea therefore precluded an appeal of the lower courts' orders denying those motions. (219 Cal.App.3d at p. 1285.) In rejecting the People's position and finding the appeal properly taken, the *Seibel* court explained:

"It is apparent from the procedural history of the case . . . that appellant repeatedly raised the issue of the propriety of the sealing of the affidavit at all stages of the proceeding, including the seeking of a writ in this court. Appellant raised the validity of the search warrant by a section 1538.5 motion in which he attacked the warrant on a number of bases. It is true that he did not expressly renew his previous motions to unseal the affidavit. However, the issue was implicitly renewed when he argued in support of his suppression motion that the affidavit on its face did not provide sufficient facts to support a finding of probable cause and that appellant had 'no information' from which he could conclude that the sealed portion of the affidavit contained more specific, timely, and reliable information. The issue was expressly renewed in appellant's moving papers when he complained that he had 'been repeatedly denied access to the remaining sealed portions of the warrant affidavit . . . ,' and when he attacked, as best he could under the circumstances, the veracity of the affidavit by arguing that he had

information that he had not sold cocaine within seven days of the date of the affidavit. At no time did the People object to the propriety of appellant's raising a discovery issue by way of a section 1538.5 motion. Accordingly, they should not be heard to object on appeal. (*People* v. *Martin* (1969) 2 Cal.App.3d 121, 125-126 [82 Cal.Rptr. 414]; 4 Witkin & Epstein, Cal. Criminal Law [(2d ed. 1989)], Exclusion of Illegally Obtained Evidence . . . § 2250, p. 2645.)" (*Seibel, supra,* 219 Cal.App.3d at p. 1285.)

 ██ ██ ██ We reach a similar conclusion in the present case. Defendant moved for disclosure of the contents of the sealed attachment Exhibit C.[1] She sought access to the material facts on which the prosecution relied to establish probable cause in order to challenge the sufficiency of that finding, and to traverse the warrant by attacking the veracity of those factual allegations. We agree with the conclusion of the Court of Appeal below that, on this record, it is irrelevant that defendant initially requested access to Exhibit C in a document separate from her motions to quash and traverse the search warrant. Consistent with the holding in *Seibel, supra,* 219 Cal.App.3d at page 1285, the record herein reflects that from the day defendant simultaneously filed her written pleadings seeking access to Exhibit C and to quash and traverse the warrant, through each of the several hearings held to resolve her challenges to the warrant, defendant, the court, and the prosecutor treated her request for disclosure of the contents of Exhibit C as an integral part of her motions to quash and traverse the warrant. At no time did the prosecutor object to the procedural approach taken by defendant.

We therefore conclude that defendant's appeal was properly taken, and proceed to the merits of the People's claim.

## II.

The issue posed in this case reflects the inherent tension between the public need to protect the identities of confidential informants, and a criminal defendant's right of reasonable access to information upon which to base a challenge to the legality of a search warrant. Specifically, we must determine whether the trial court properly utilized an in camera review and discovery procedure in upholding the validity of the search warrant in this case, where the major portion of the affidavit in support of the warrant was sealed to protect the confidential informant's identity.

The policy reasons underlying the need to protect the identities of confidential informants have long been recognized. Citing Professor Wigmore,

---

[1]Defendant filed a separate motion to disclose the identity of the confidential informant. The basis of the motion was that the confidential informant was a material witness to her guilt or innocence. Under *People* v. *Duval, supra,* 221 Cal.App.3d at page 1114, and *People* v. *Castro, supra,* 42 Cal.App.3d at page 963, defendant's plea of no contest bars an appeal from the denial of that motion, and she does not contend otherwise.

the United States Supreme Court has described the policy behind the informant privilege as follows:

" 'A genuine privilege, on . . . fundamental principle . . . , must be recognized for the *identity of persons supplying the government with information concerning the commission of crimes.* Communications of this kind ought to receive encouragement. They are discouraged if the informer's identity is disclosed. Whether an informer is motivated by good citizenship, promise of leniency or prospect of pecuniary award, he will usually condition his cooperation on an assurance of anonymity—to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions against him. The government also has an interest in nondisclosure of the identity of its informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship.' " (*McCray* v. *Illinois* (1967) 386 U.S. 300, 308-309 [18 L.Ed.2d 62, 69, 87 S.Ct. 1056], italics in original; see also 8 Wigmore, Evidence (McNaughton rev. 1961) § 2374.)

The same principle was acknowledged nearly 40 years ago in *People* v. *Gonzales* (1955) 136 Cal.App.2d 437 [288 P.2d 588], disapproved on other grounds in *People* v. *McShann* (1958) 50 Cal.2d 802, 808 [330 P.2d 33]: "It is clear that the public interest would suffer if the disclosure were compelled of the names of those citizens who inform public officers of violations of law and who assist such officers in the performance of their duty to apprehend law violators. A citizen who knows that the fact would be made public that he had disclosed such information to public officers may be loathe to cooperate in the administration of justice by exercising his right and duty to make such disclosures because he would justifiably believe himself to be in danger of physical violence from those upon whom he had informed, as well as in danger of actions of slander and malicious prosecution." (*People* v. *Gonzales, supra,* 136 Cal.App.2d at p. 441.)

■ The scope of the common law privilege to refuse disclosure of the identity of a confidential informant was discussed by the United States Supreme Court in *Roviaro* v. *United States* (1956) 353 U.S. 53 [1 L.Ed.2d 639, 77 S.Ct. 623]: "The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed . . . the privilege is no longer applicable. [¶] A further limitation on the applicability

of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action." (*Id.* at pp. 60-61 [1 L.Ed.2d at pp. 644-645], fns. omitted.)

Whether disclosure of an informant's identity or the contents of his communication is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause" will depend in large part on whether the informant is a potential material witness on the issue of guilt. As we explained in *People v. McShann, supra,* 50 Cal.2d at page 808: "Disclosure is frequently a problem in such cases as the present one involving violations of the narcotics laws, when the so-called informer is also a material witness on the issue of guilt. A mere informer has a limited role. 'When such a person is truly an informant he simply points the finger of suspicion toward a person who has violated the law. He puts the wheels in motion which cause the defendant to be suspected and perhaps arrested, but he plays no part in the criminal act with which the defendant is later charged.' [Citation.] His identity is ordinarily not necessary to the defendant's case, and the privilege against disclosure properly applies. When it appears from the evidence, however, that the informer is also a material witness on the issue of guilt, his identity is relevant and may be helpful to the defendant. Nondisclosure would deprive him of a fair trial. Thus, when it appears from the evidence that the informer is a material witness on the issue of guilt and the accused seeks disclosure on cross-examination, the People must either disclose his identity or incur a dismissal. (See *Roviaro v. United States, supra,* 353 U.S. at 61.)"

In contrast to the situation where the defendant is seeking to discover whether a confidential informant is a *material witness* on the issue of guilt or innocence, where the defendant merely seeks to discover the informant's identity in connection with a challenge to the legality of a search based on information furnished by the informant, a critical distinction is drawn in the case law between searches conducted pursuant to warrant and warrantless searches. It has long been the rule in California that the identity of an informant who has supplied probable cause *for the issuance of a search warrant* need not be disclosed where such disclosure is sought merely to aid in attacking probable cause. (*People v. Borunda* (1974) 11 Cal.3d 523, 527 [113 Cal.Rptr. 825, 522 P.2d 1]; *People v. Keener* (1961) 55 Cal.2d 714, 723 [12 Cal.Rptr. 859, 361 P.2d 587]; *Seibel, supra,* 219 Cal.App.3d at p. 1288; *People v. Greenstreet* (1990) 218 Cal.App.3d 1516, 1518 [267 Cal.Rptr.

377]; *People* v. *Flannery* (1985) 164 Cal.App.3d 1112, 1116-1117 [210 Cal.Rptr. 899]; *Cooper* v. *Superior Court* (1981) 118 Cal.App.3d 499, 508-509 [173 Cal.Rptr. 520]; 2 Witkin, Cal. Evidence (3d ed. 1986) Witnesses, § 1281, pp. 1223-1224; see also *McCray* v. *Illinois, supra*, 386 U.S. 300; *United States* v. *Ventresca* (1965) 380 U.S. 102, 108 [13 L.Ed.2d 684, 688, 85 S.Ct. 741].)

We explained the rationale behind this rule in *People* v. *Keener, supra*, 55 Cal.2d at pages 722-723: "If a search is made pursuant to a warrant valid on its face and the only objection is that it was based on information given to a police officer by an unnamed informant, there is substantial protection against unlawful search and the necessity of applying the exclusionary rule in order to remove the incentive to engage in unlawful searches is not present. *The warrant, of course, is issued by a magistrate,* not by a police officer, *and will be issued only when the magistrate is satisfied by the supporting affidavit that there is probable cause.* He may, if he sees fit, require disclosure of the identity of the informant before issuing the warrant or require that the informant be brought to him. The requirement that an affidavit be presented to the magistrate and his control over the issuance of the warrant diminish the danger of illegal action, and it does not appear that there has been frequent abuse of the search warrant procedure. . . . It follows from what we have said that where a search is made pursuant to a warrant valid on its face, the prosecution is not required to reveal the identity of the informer in order to establish the legality of the search and the admissibility of the evidence obtained as a result of it." (Italics added.)

The common law privilege to refuse disclosure of the identity of a confidential informant has been codified in Evidence Code section 1041,[2] which provides in relevant part: "[A] public entity has a privilege to refuse to disclose the identity of a person who has furnished information [in confidence to a law enforcement officer] . . . purporting to disclose a violation of a law of the United States or of this state or of a public entity in this state . . . if . . . (2) Disclosure of the identity of the informer is against the public interest because there is a necessity for preserving the confidentiality of his identity that outweighs the necessity for disclosure in the interest of justice. . . ."

Section 1042 sets forth the consequences to the People of successfully invoking the informant's privilege. Subdivision (a) of that section states the general rule requiring the court to "make such order or finding of fact adverse to the public entity bringing the proceeding as is required by law upon any issue in the proceeding to which the privileged information is

---

[2]All further statutory references are to the Evidence Code unless otherwise indicated.

material" when the privilege is sustained. Section 1042, subdivisions (b), (c), and (d), in turn provide three exceptions to that general rule. (See *People* v. *Flannery, supra,* 164 Cal.App.3d at p. 1120.)

Briefly, subdivision (b) of section 1042, the exception of principal concern here, codifies the aforementioned common law rule that disclosure of an informant's identity is not required to establish the legality of a search *pursuant to a warrant.* Subdivision (b) provides, in relevant part: "[W]here a search is made pursuant to a warrant valid on its face, the public entity bringing a criminal proceeding is not required to reveal to the defendant official information or the identity of an informer in order to establish the legality of the search or the admissibility of any evidence obtained as a result of it."

Subdivision (d) of section 1042 in turn provides that where the defendant demands disclosure of the identity of a confidential informant "on the ground the informant is a *material witness on the issue of guilt*" (italics added), a hearing must be held, and it must be conducted in camera and outside the presence of the defendant and his counsel if the prosecution so requests. If the asserted privilege of nondisclosure of the informant's identity (§ 1041) is upheld, the transcript of the hearing and any evidence presented therein must be ordered sealed, and neither such evidence nor the identity of the informant may be disclosed to the defense "unless, based upon the evidence presented [at the hearing], the court concludes that there is a reasonable possibility that nondisclosure might deprive defendant of a fair trial."[3]

The scope of the informant's privilege embodied in sections 1041 and 1042 is further characterized by the well-established corollary rule that

---

[3]Subdivision (c) of section 1042 provides: "*Notwithstanding subdivision (a)*, in any preliminary hearing, criminal trial, or other criminal proceeding, any otherwise admissible evidence of information communicated to a peace officer by a confidential informant, who is not a material witness to the guilt or innocence of the accused of the offense charged, is admissible *on the issue of reasonable cause to make an arrest or search* without requiring that the name or identity of the informant be disclosed if the judge or magistrate is satisfied, *based upon evidence produced in open court*, out of the presence of the jury, that such information was received from a reliable informant and in his discretion does not require such disclosure." (Italics added.)

Several Courts of Appeal have recognized that "[w]hile this subdivision provides that the reliability of the confidential informant must be established upon evidence presented in open court . . . [it] applies only to search or arrest made upon probable cause *without a warrant.*" (*People* v. *Flannery, supra,* 164 Cal.App.3d at p. 1119, italics added, fn. omitted; see also *Cooper* v. *Superior Court, supra,* 118 Cal.App.3d at pp. 508-509 [Legislature established different procedures under subdivision (b) for testing informant's reliability as established by a search warrant affidavit, and under subdivision (c) for challenging probable cause to make a *warrantless* arrest or search].)

"if disclosure of the contents of [the informant's] statement would tend to disclose the identity of the informer, the communication itself should come within the privilege. . . ." (8 Wigmore, Evidence, *supra*, § 2374, at p. 765, italics added; see also 1 McCormick, Evidence (4th ed. 1992) § 111, at p. 410 ["if revealing the contents [of the informant's communication] will in the circumstances *probably reveal* the identity of the informer, the privilege should attach." (Italics added.)]; *Roviaro* v. *United States, supra*, 353 U.S. at p. 60 [1 L.Ed.2d at p. 644] ["[W]here the disclosure of the contents of a communication will not *tend to reveal* the identity of an informer, the contents are not privileged." (Italics added, fn. omitted.)]; *People* v. *McShann, supra*, 50 Cal.2d at p. 807 ["[T]he privilege does not extend to the communications unless the contents would *disclose or tend to disclose* the identity of the informer." (Italics added.)]; *Seibel, supra*, 219 Cal.App.3d at p. 1287 ["[T]he concept of confidentiality in section 1041 does not refer to the information communicated, unless the contents would *disclose or tend to disclose* the identity of the informant . . . ." (Italics added.)].)[4]

These codified privileges and decisional rules together comprise an exception to the statutory requirement that the contents of a search warrant, including any supporting affidavits setting forth the facts establishing probable cause for the search, become a public record once the warrant is executed. (Pen. Code, § 1534, subd. (a); see *Seibel, supra*, 219 Cal.App.3d at p. 1291.) ■ Courts have employed a variety of procedures in an effort to seek a fair accommodation of both the People's privilege to protect the identities of its confidential informants, and the defendant's due process right of reasonable access to information that might form the basis for challenging the validity of a search warrant.

Thus, the courts have sanctioned a procedure whereby those portions of a search warrant affidavit which, if disclosed to the defense, would effectively

---

[4]Although the court in *People* v. *Flannery, supra*, 164 Cal.App.3d at page 1121, stated that "the privilege of nondisclosure attaches both as a matter of statute and sound legal policy" when disclosure of the contents of the informant's statement "would *necessarily* reveal his identity" (italics added), the authorities cited therein do not support the proposition that the privilege attaches to the contents of the informant's statement only if that information will *necessarily* reveal his or her identity. Similarly, although the court in *Swanson* v. *Superior Court* (1989) 211 Cal.App.3d 332 [259 Cal.Rptr. 260] suggested that "the only portion of an affidavit that may be concealed from the defendant is that portion which *necessarily* would reveal the identity of the confidential informant" (*id.* at p. 339, italics added), no authority was cited in support of such a stricter standard. Indeed, in the preceding page of its opinion, the *Swanson* court recognized that presentation of the search warrant affidavit to the magistrate may necessitate "concealment of details *which might identify the informant*" from that portion of the affidavit made public in order to avoid disclosure of the informant's identity while relating facts establishing the reliability of his or her information. (*Id.* at p. 338, italics added.)

reveal the identity of an informant, are redacted, and the resulting "edited" affidavit furnished to the defendant. (See, e.g., *People* v. *Greenstreet, supra,* 218 Cal.App.3d at pp. 1519-1520.)

Similarly, when the affidavit or confidential attachment is in a form, such as a tape recording of an interview or a transcription of an oral statement (see Pen. Code, § 1526, subd. (b)), that does not lend itself to redaction, the court may order the prosecutor to prepare a written affidavit for disclosure to the defense narrating those facts upon which probable cause is based which do not reveal the identity of the informant. (See, e.g., *Swanson* v. *Superior Court, supra,* 211 Cal.App.3d at p. 339.)

The Legislature and the courts have also sanctioned the procedure of *sealing* portions of a search warrant affidavit that relate facts or information which, if disclosed in the public portion of the affidavit, will reveal or tend to reveal a confidential informant's identity. The materials, usually sealed by the magistrate at the time the search warrant is signed and issued, are then made available for in camera review by the trial court in connection with any motion brought to challenge the warrant's validity or discover whether the informant is a material witness to defendant's guilt or innocence. (See, e.g., *Seibel, supra,* 219 Cal.App.3d at p. 1289; *People* v. *Flannery, supra,* 164 Cal.App.3d at pp. 1116-1118.) The court must first determine whether a valid basis exists to exclude the informational materials from the "public" portion of the search warrant application, i.e., determine whether disclosure of those materials would compromise the confidentiality of the informant's identity. Any portions of the sealed materials which, if disclosed, would not reveal or tend to reveal the informant's identity must be made public and subject to discovery by the defense. (See, e.g., *Swanson* v. *Superior Court, supra,* 211 Cal.App.3d at p. 339.)

As explained above, an in camera review procedure is specifically authorized when the defendant is seeking disclosure of the identity of a confidential informant "on the ground the informant is a material witness on the issue of guilt." (§ 1042, subd. (d).) A broader authorization of the use of such a procedure is evidenced by the Legislature's enactment of section 915, which provides, in relevant part: "(b) When a court is ruling on a claim of privilege under Article 9 (commencing with Section 1040) of Chapter 4 (official information and identity of informer) . . . and is unable to do so without requiring disclosure of the information claimed to be privileged, the court may require the person from whom disclosure is sought or the person authorized to claim the privilege, or both, to disclose the information in chambers out of the presence and hearing of all persons except the person authorized to claim the privilege and such other persons as the person

authorized to claim the privilege is willing to have present. If the judge determines that the information is privileged, neither he nor any other person may ever disclose, without the consent of a person authorized to permit disclosure, what was disclosed in the course of the proceedings in chambers."

These codified rules and procedures are designed to strike a fair balance between the People's privilege to refuse disclosure of a confidential informant's identity and the defendant's limited discovery rights in connection with any challenge to the search warrant's validity. Heightened concerns arise, however, when the prosecution seeks to invoke the corollary rule extending the privilege to most or all of the factual showing of probable cause in a search warrant affidavit on the ground that disclosure of the substance of the informant's statement will itself reveal or tend to reveal his or her identity. Several courts have observed that " '[a] defendant who cannot view any [major portion] of the affidavit cannot make a judgment as to whether any [legal challenges to the validity of the search warrant] should be made'."; hence, the sealing of the majority or entirety of the search warrant affidavit " 'leaves the defendant without an adversary before the court who can not only ascertain that the appropriate challenges are considered but also that the defense argument is vigorously and effectively pursued.' " (*Seibel*, *supra*, 219 Cal.App.3d at p. 1292, quoting *Swanson* v. *Superior Court*, *supra*, 211 Cal.App.3d at p. 339.)

This conceptual dilemma has led to two published and conflicting Court of Appeal decisions: *Seibel*, *supra*, 219 Cal.App.3d 1279, and the opinion of the Court of Appeal in the present case. A brief comparison of the analyses of these two decisions will shed light on our ultimate determination to endorse the analysis of *Seibel* over that invoked by the Court of Appeal below.

The *Seibel* court acknowledged the "tension" created when the People invoke the informant's privilege and the defendant in turn asserts his due process right to reasonable discovery of information upon which he might base a challenge to the search warrant. (219 Cal.App.3d at p. 1282.) The court reviewed the common law rules, as well as the codified privileges and procedures that are designed to seek an accommodation of these competing rights, and then observed that, "[a]s a solution to [the] dilemma [posed where the major portion of a search warrant affidavit is sealed to protect the informant's identity] appellant in essence asks, as he did below, for discovery. The right to discovery by a criminal defendant was recently clarified by our Supreme Court in *People* v. *Luttenberger* [(1990)] 50 Cal.3d 1 [265 Cal.Rptr. 690, 784 P.2d 633], which thoroughly analyzed that right in a

factual setting so closely analogous to that presented in the case at bench that we find its analysis and holding applicable here." (*Seibel, supra,* 219 Cal.App.3d at p. 1292.)

We agree with the *Seibel* court that the analysis invoked by this court in *People* v. *Luttenberger* (1990) 50 Cal.3d 1 [265 Cal.Rptr. 690, 784 P.2d 633] (*Luttenberger*) is relevant and applicable to the issue at hand.

In *Luttenberger,* the affiant of a search warrant affidavit represented that a confidential informant was reliable, but gave no further details about the informant's background or reliability. Defendant did not assert that the affidavit was facially insufficient, nor did he seek disclosure of the informant's identity. Instead, he sought to mount a subfacial challenge, i.e., attack the underlying veracity of statements made on the face of the search warrant application. (See *Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674] [*Franks*].) Prior to the preliminary hearing, defendant had sought to invoke the procedures established in *People* v. *Rivas* (1985) 170 Cal.App.3d 312 [216 Cal.Rptr. 477] (*Rivas*), by requesting an in camera review of information (e.g., police records and other documents) relating to the informant's background and reliability. *Rivas* authorizes such discovery provided that the documents are first screened in camera by the lower court to protect the confidentiality of the informant's identity. (*Id.* at p. 322.) The magistrate in *Luttenberger* denied defendant's request for in camera review; the trial court thereafter granted defendant's motion to dismiss the information due to the denial of that motion. The Court of Appeal affirmed the trial court's order dismissing the information. We reversed.

Our opinion in *Luttenberger* reaffirmed that a criminal defendant's right to discovery is based on the fundamental proposition that the accused is entitled to a fair trial and the opportunity to present an intelligent defense in light of all relevant and reasonably accessible information. (*Luttenberger, supra,* 50 Cal.3d at p. 17.) We rejected the People's suggestion that the *Franks* requirement, i.e., that a "substantial preliminary showing" first be made in order to entitle the defendant to an evidentiary hearing on the veracity of statements made in the search warrant affidavit, must be imposed on the *Rivas* discovery process. Observing that *Franks* did not involve a confidential informant nor address how a defendant would go about gathering information for a "substantial preliminary showing" of material misrepresentation where a confidential informant was involved, we concluded that the high court in *Franks* could not within reason have intended its standard to apply and effectively bar challenges to search warrant affidavits based on confidential informants' tips. (*Luttenberger, supra,* 50 Cal.3d at p. 18.)

On the other hand, we disagreed with that aspect of the holding in *Rivas* that required a defendant merely to assert his need for discovery in conclusory terms. We determined that to afford a defendant the right to in camera

inspection and discovery of police records on a pro forma request would "impose an unjustifiable burden on our trial courts and an unwarranted invasion of police files." (*Luttenberger, supra,* 50 Cal.3d at p. 20.) We therefore concluded that some preliminary showing is required; the defendant's motion must describe the information being sought with " 'some degree of specificity' " in order to preclude authorization of a " ' "fishing expedition." ' " (*Id.* at pp. 20-21.) We recognized that even where the defendant demonstrates good cause for in camera review and discovery, the right to discovery is not absolute; the trial court " 'retains wide discretion to protect against the disclosure of information which might unduly hamper the prosecution or violate some other legitimate governmental interest.' [Citation.]" (*Id.* at p. 21.) Because "the warrant affidavit is *presumed* truthful," in camera review is not required "absent some showing that the presumptively valid warrant affidavit is questionable in some way." (*Ibid.,* italics in original.)

We further explained in *Luttenberger* that utilization of the in camera review and discovery procedure approved in *Rivas* does not conflict with the holding in *Franks.* Characterizing the state's interest in protecting the identity of the confidential informant as "strong and legitimate," and the defendant's right to mount a subfacial challenge to the veracity of statements made in a search warrant affidavit as "limited but viable," we approved the in camera review and discovery procedure as an effective screening device that "protect[s] the government's confidentiality interests while safeguarding the defendant's rights and the integrity of the warrant issuing process. (See 1 LaFave [Search and Seizure] (2d ed. 1987) § 3.3(g), pp. 709-711.)" (*Luttenberger, supra,* 50 Cal.3d at p. 19.)

The *Seibel* court recognized that *Luttenberger* did not deal with a "sealed affidavit" per se, but concluded nonetheless that "the facts of [*Luttenberger*] and the facts of the case at bench both gave rise to the necessity of resolving essentially the same set of conflicting interests." (*Seibel, supra,* 219 Cal.App.3d at p. 1296.) The court reasoned that since "an affidavit may be sealed to the extent necessary to protect the public interest in the confidentiality of the informant's identity. [Citations.] It follows . . . that a sealing of virtually all of an affidavit, as occurred in the case at bench, is permissible if the necessity requirement is met. The question of how much may be sealed simply is one of degree." (*Id.* at p. 1297.)

In contrast to *Seibel,* the Court of Appeal in the instant case found this court's reasoning in *Luttenberger, supra,* 50 Cal.3d 1, inapposite to the issue at hand. The court rejected the proposition that the in camera review and discovery procedure set forth in *Luttenberger* (see also § 915, subd. (b)) afforded a defendant any meaningful challenge to the validity of the search

warrant. The court concluded: "[W]e do not agree with *Seibel*'s conclusion that an in camera hearing presided over by a proactive judge, who will presumably be speculating on and trying to assert all tenable challenges to the magistrate's finding of probable cause and to the veracity of the statements made in the sealed affidavit, affords the defendant the type of procedural vehicle for asserting her Fourth Amendment rights contemplated and required by the Due Process Clause of the Fourteenth Amendment." The Court of Appeal further believed that enforcement of defendant's Fourth Amendment rights "cannot be entrusted, in toto, to trial judges who may or may not have the legal sophistication to recognize the nuances of criminal procedure absent the assistance and vigorous advocacy of defendant and her attorney."

We disagree with the conclusions of the Court of Appeal below, and find instead that the rationale of *Seibel*, in conjunction with the procedures outlined by this court in *Luttenberger*, suggest the proper resolution of the issue before us. Under the balance struck by the Court of Appeal, and contrary to the weight of the authorities reviewed above, the state's "strong and legitimate" interest in protecting the confidentiality of its informants (*Luttenberger, supra*, 50 Cal.3d at p. 19), and the codified rules and privileges devised to implement that fundamental right, were subordinated to defendant's "limited but viable" right to raise a pretrial challenge to the validity of the search warrant.

The recent opinion of the New York Court of Appeals in *People* v. *Castillo* (1992) 80 N.Y.2d 578 [592 N.Y.S.2d 945, 607 N.E.2d 1050] (*Castillo*), certiorari denied *Castillo* v. *New York* (1993) __ U.S. __ [123 L.Ed.2d 477, 113 S.Ct. 1854], is particularly instructive on the nature of the balance that must be struck when the People seek to assert the informant's privilege *and* extend its coverage to the contents of a statement or information furnished by the informant.

The defendant in *Castillo* was convicted of criminal possession of a controlled substance and possession of a weapon. The inculpating evidence was discovered after police executed a warrant, based upon information supplied by a confidential informant, authorizing a search of the defendant's apartment. "[The] defendant sought to inspect the warrant and the supporting documents and to have a hearing to challenge the issuing Judge's determination that probable cause for the search existed. The [trial] court denied discovery and, following an in camera suppression hearing, denied the motion to suppress. Defendant was not afforded the opportunity to see the supporting documents or to participate in the hearing because the court found that disclosure of the informant's identity and/or statements could

compromise the safety of the informant or the integrity of future investigations . . . ." (607 N.E.2d at p. 1050.)

Rejecting defendant's claim that "a suppression procedure conducted without his participation violate[d] his constitutional right to due process of law and the effective assistance of counsel," New York State's high court explained that whether the defendant had an absolute right to participate in the pretrial suppression hearing "depends upon a sensitive balancing of a defendant's right to participate in the defense and society's need to encourage citizens to participate in law enforcement by granting them anonymity when necessary for their protection. [Citations.]" (*Castillo, supra*, 607 N.E.2d at pp. 1051-1052.) The *Castillo* court reasoned: "Analysis starts by focusing on the nature of the proceeding for there is a fundamental difference between a trial to adjudicate guilt or innocence and a pretrial hearing to suppress evidence. The due process requirements for a hearing may be less elaborate and demanding than those at the trial proper. [Citations.] This is so because, as the [United States] Supreme Court has observed, at a pretrial hearing, ' "we are not dealing with the trial of the criminal charge itself. There the need for a truthful verdict outweighs society's need for the informer privilege. Here, however, the accused seeks to avoid the truth. The very purpose of a motion to suppress is to escape the inculpatory thrust of evidence in hand, not because its probative force is diluted in the least by the mode of seizure, but rather as a sanction to compel [law] enforcement officers to respect the constitutional security of all of us under the Fourth Amendment . . . . If the motion to suppress is denied, defendant will still be judged upon the untarnished truth." ' (*McCray* v. *Illinois*, 386 U.S. 300, 307 [18 L.Ed.2d 62, 68, 87 S.Ct. 1056] [quoting from *State* v. *Burnett*, 42 N.J. 377, 201 A.2d 39]; *see generally* 1 LaFave, Search and Seizure § 3.3[g] [2d ed.].)" (*Castillo, supra*, 607 N.E.2d at p. 1052.)

The *Castillo* court observed that "[a] defendant's interest in availing himself of the exclusionary rule may, in exceptional circumstances, be subordinated to safety precautions necessary to encourage citizens to participate in law enforcement." (607 N.E.2d at p. 1052.) The court explained that "[i]n order to protect the confidentiality of the informant . . . [it had] sanctioned a procedure whereby a significant aspect of the inquiry on the motion to suppress is conducted by the court on defendant's behalf, without the defendant's direct participation," and that, where appropriate, such a procedure could be utilized even where "*none* of the purported factual predicates for probable cause was revealed to defendant." (*Id.* at p. 1053, italics added.)

In approving the in camera procedure utilized by the trial court to hear and decide the suppression motion, the *Castillo* court took particular note of the

fact that the search of defendant's premises had been conducted "pursuant to a warrant issued by a Judge who had personally examined the informant. This simplified the suppression court's review because a presumption of validity attached to the warrant given that a Magistrate had already reviewed the purported basis for the search and determined it to be valid [citation] and the suppression court had before it a record consisting of the written application and the transcript of the informant's sworn oral testimony offered in support of the application. Thus, it was not necessary to develop a factual record of the basis for the search. The [suppression] court was left with the relatively uncomplicated task of deciding whether, based on the warrant application and supporting affidavit along with the informant's oral testimony, the issuing Judge reasonably could have concluded that probable cause existed. [Citations.] This is precisely the type of inquiry which can be resolved accurately on an ex parte, in camera basis (*cf., Alderman* v. *United States* [(1969)] 394 U.S. 165, 182-183 [22 L.Ed.2d 176, 191-192, 89 S.Ct. 961] [factual issues too complex to rely wholly on in camera judgment of trial court])." (*Castillo, supra,* 607 N.E.2d at p. 1054.)

Our review of the decisions of the courts of other jurisdictions that have addressed the issue, as well as pertinent decisions of the United States Courts of Appeals, reflect that they too are in accord with the holding in *Seibel, supra,* 219 Cal.App.3d 1279, and that of New York's high court in *Castillo, supra,* 607 N.E.2d 1050, insofar as they all uniformly find that utilization of an in camera review procedure adequately safeguards both parties' rights.

Thus, in *State* v. *Casal* (1985) 183 Wn.2d 812 [699 P.2d 1234], the Washington Supreme Court considered a defendant's challenge to a search warrant affidavit based on confidential communications from an informant that comprised the sole basis for probable cause to issue the warrant. (*Id.* at p. 1235.) Recognizing that under those circumstances defendant was unable to make the "substantial preliminary showing" necessary to obtain a hearing under *Franks, supra,* 438 U.S. 154, the *Casal* court held that a hearing was justified on a somewhat lesser showing of inaccuracy or inconsistency, and that the hearing should be held in camera to protect the identity of the informant. *Casal* observes that "[n]umerous courts, recognizing the dilemma created for the defendant who is faced with a *secret* informer, have devised a simple solution. That solution is the in camera, ex parte hearing." (*State* v. *Casal, supra,* 699 P.2d at p. 1238.)

A similar conclusion was reached by the United States Court of Appeals, Ninth Circuit, in *United States* v. *Moore* (9th Cir. 1975) 522 F.2d 1068. The defendant in *Moore* challenged the trial court's denial of his motion for

disclosure of a confidential informant's identity. After conducting an in camera examination of the informant and the government's agents, the trial court determined that knowledge of the informant's identity would not assist the defendant in establishing the existence of falsehoods in the affidavit such as would support a subfacial challenge to the legality of the search warrant. In approving this procedure, the Ninth Circuit Court of Appeal explained: "The *in camera* procedure provides an . . . acceptable accommodation of the competing interests of the Government and the accused in the situation presented here, wherein the question is whether a law enforcement officer has lied. Through disclosure of the informer's identity to the trial judge, and such subsequent inquiries by the judge as may be necessary, the Government can be protected from any significant, unnecessary impairment of necessary secrecy, yet the defendant can be saved from what could be serious police misconduct." (*Id.* at pp. 1072-1073.)[5]

Lastly, the Court of Appeal below concluded that enforcement of a defendant's Fourth Amendment rights, under circumstances such as are presented here, cannot be entrusted to trial judges "who may or may not have the legal sophistication to recognize the nuances of criminal procedure absent the assistance and vigorous advocacy of defendant and her attorney." We disagree. As the *Seibel* court observed, "Insofar as use of sealed affidavits is unavoidable, it is not unusual or inappropriate for the 'burden' of protecting citizens' rights to fall upon our judiciary, and trial courts, as always, retain broad discretion in weighing the government's interests against defendant's rights." (*Seibel, supra*, 219 Cal.App.3d at p. 1298.) And, as explained in *People* v. *Levine* (1984) 152 Cal.App.3d 1058, 1070 [199 Cal.Rptr. 756]: "While some defense critics have been distrustful of any unilateral determination of materiality reached without participation by defense counsel, and have been critical of placing an additional burden of judicial investigation upon the trial judge, the United States Supreme Court in *Taglianetti* v. *United States* (1969) 394 U.S. 316, 317-318 [22 L.Ed.2d 302, 305, 89 S.Ct. 1099] held: '[W]e cannot hold "that the task is too complex, and the margin for error too great, to rely wholly on the in camera judgment of the trial court." ' "

---

[5] Accord, *United States* v. *Kiser* (9th Cir. 1983) 716 F.2d 1268, 1273 (approval of in camera hearing procedure to determine necessity of disclosure of informant's identity to assist defendant's *Franks* challenge); *United States* v. *Williams* (11th Cir. 1983) 716 F.2d 864 (sealing of entire search warrant affidavits and utilization of in camera review procedure approved); *United States* v. *Brian* (D.R.I. 1981) 507 F.Supp. 761, 766; *People* v. *Dailey* (Colo. 1982) 639 P.2d 1068, 1077, fn. 11 (affirming trial court's order requiring disclosure of informant's identity, but approving use of in camera hearings as "valuable" alternative to protect informant's identity); *Commonwealth* v. *Douzanis* (1981) 384 Mass. 434 [425 N.E.2d 326, 328, fn. 4] (recommending in camera disclosure of certain information to the court to determine whether disclosure to the defendant would reveal informant's identity).

It would be anomalous to conclude that a trial court, expressly deemed capable by our Legislature of making an in camera evaluation of a confidential informant's *materiality* as a witness to defendant's guilt or innocence on any claim of privilege under section 1040 et seq. (see § 1042, subd. (d)), could not likewise competently evaluate the necessity for sealing all or part of a search warrant affidavit on such a claim of privilege, take whatever further actions may be necessary to ensure full public disclosure of the remainder of the affidavit, and review all the relevant materials in camera to determine whether they will support defendant's challenges to the search warrant.

The United States Court of Appeals, Ninth Circuit, reached such a determination in *United States* v. *Anderson* (9th Cir. 1974) 509 F.2d 724. The *Anderson* court held that the trial court must protect the competing interests of the parties when disclosure of information comprising the basis for probable cause will necessarily divulge the identity of a confidential informant: "Thus, rather than establishing a fixed rule that either requires or precludes disclosure of the informant's identity when probable cause is in issue, we hold that the responsibility for striking the proper balance in each case rests with the trial judge. . . . If the trial judge is satisfied that an *in camera* hearing in which neither the defendant nor his attorney participates is adequate to explore the foundations of the informant's information, then no disclosure is necessary. The trial court's determination will be reversed only if it constitutes an abuse of discretion or constitutional error." (*Id.* at pp. 729-730.)

■ We therefore conclude that, taken together, the informant's privilege (§ 1041), the long-standing rule extending coverage of that privilege to *information* furnished by the informant which, if disclosed, might reveal his or her identity, and the codified rule that disclosure of an informant's identity is not required to establish the legality of a search pursuant to a warrant valid on its face (§ 1042, subd. (b)) compel a conclusion that all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege and protect the identity of a confidential informant. Section 915, subdivision (b), expressly authorizes lower courts to utilize an in camera review and discovery procedure to effectuate implementation of the privilege.

■ Where, as here, due to the sealing of any portion or all of the search warrant affidavit, the defendant cannot reasonably be expected to make the preliminary showing required under *Luttenberger, supra,*

50 Cal.3d 1, to initiate a subfacial challenge (by moving to traverse the warrant),[6] or otherwise make an informed determination whether sufficient probable cause existed for the search (in consideration of a motion to quash the warrant), certain procedures should be followed in order to strike a fair balance between the People's right to assert the informant's privilege and the defendant's discovery rights.

On a properly noticed motion by the defense seeking to quash or traverse the search warrant, the lower court should conduct an in camera hearing pursuant to the guidelines set forth in section 915, subdivision (b), and this court's opinion in *Luttenberger, supra,* 50 Cal.3d at pages 20-24. It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity.[7]

---

[6]We recognized in *Luttenberger* that "it may be difficult for a defendant to prove police misrepresentations without discovery when a warrant affidavit is based on statements of an unidentified informant. In light of the protection of informant confidentiality afforded by the in camera proceeding, we adopt a preliminary-showing requirement, for purposes of discovery motions in such cases, that is somewhat less demanding than the 'substantial showing of material falsity' required by *Franks, supra,* 438 U.S. 154. The decision whether to convene an in camera examination or to order discovery will remain a matter within the trial court's discretion. [Citations.]" (*Luttenberger, supra,* 50 Cal.3d at p. 21.) We went on to characterize the nature of the preliminary-showing requirement: "[T]o justify in camera review and discovery, preliminary to a subfacial challenge to a search warrant, a defendant must offer evidence casting some reasonable doubt on the veracity of material statements made by the affiant." (*Luttenberger, supra,* 50 Cal.3d at p. 21.) "For example, without knowing the informant's identity, a defendant could nonetheless make factual allegations *contradicting statements in the warrant affidavit, or raise inconsistencies on the face of the affidavit.* [Citations.]" (*Luttenberger, supra,* 50 Cal.3d at p. 22, italics added.)

In contrast to the situation in which the informant's privilege is asserted merely to avoid disclosure of the confidential informant's *name*, where, as here, *all or a major portion of the search warrant affidavit* has been sealed in order to preserve the confidentiality of the informant's identity, a defendant cannot reasonably be expected to make even the "preliminary showing" required for an in camera hearing under *Luttenberger.* For this reason, where the defendant has made a motion to traverse the warrant under such circumstances, the court should treat the matter as if the defendant has made the requisite preliminary showing required under this court's holding in *Luttenberger.*

[7]If the trial court, in entertaining a defense motion challenging the warrant, finds that any portion of the affidavit sealed by the magistrate can be further redacted, and the remaining excerpted portion made public without thereby divulging the informant's identity, such additional limited disclosure should be ordered. And, as previously noted (*ante,* at p. 963), where the affidavit or confidential attachment is in a form, such as a tape recording or transcript, that does not lend itself to partial sealing, the court may order the prosecutor to prepare a written affidavit for disclosure to the defense narrating those facts upon which probable cause is based which do not reveal the identity of the informant. (See *Swanson* v. *Superior Court, supra,* 211 Cal.App.3d at p. 339.)

The prosecutor may be present at the in camera hearing; defendant and his counsel are to be excluded unless the prosecutor elects to waive any objection to their presence. (See § 915, subd. (b).) Defense counsel should be afforded the opportunity to submit written questions, reasonable in length, which shall be asked by the trial judge of any witness called to testify at the proceeding.

Because, in sealed affidavit cases such as the one before us, the defendant may be completely ignorant of all critical portions of the affidavit, the defense will generally be unable to specify what materials the court should review in camera. The court, therefore, must take it upon itself both to examine the affidavit for possible inconsistencies or insufficiencies regarding the showing of probable cause, and inform the prosecution of the materials or witnesses it requires. The materials will invariably include such items as relevant police reports and other information regarding the informant and the informant's reliability.

Furthermore, because the defendant's access to the essence of the affidavit is curtailed or possibly eliminated, the lower court may, in its discretion, find it necessary and appropriate to call and question the affiant, the informant, or any other witness whose testimony it deems necessary to rule upon the issues. (See *Seibel, supra,* 219 Cal.App.3d at pp. 1297-1298; *Luttenberger, supra,* 50 Cal.3d at p. 20; *Swanson* v. *Superior Court, supra,* 211 Cal.App.3d at p. 336; *People* v. *Flannery, supra,* 164 Cal.App.3d at p. 1115.) If the informant is called as a witness, precautions may be taken to protect his or her identity, including the holding of the in camera hearing at a place other than the courthouse if deemed necessary to guarantee the informant's anonymity.[8]

The precise standard of review to be applied at the in camera proceeding will depend in part on the nature of the motion or motions noticed by the defendant. As already noted, in each instance the court must initially determine whether the affidavit is properly sealed, i.e., whether valid grounds exist for maintaining the informant's confidentiality, and whether the extent of the sealing is justified as necessary to avoid revealing his or her identity.

---

[8]Where feasible, the lower court may also, in its discretion, order the tape recording or videotaping of all or any portion of the in camera proceeding, as was done in *People* v. *Flannery, supra,* 164 Cal.App.3d at page 1115. We agree with the *Flannery* court's observations concerning the videotaping procedure utilized therein: "The innovative procedure employed by the trial court in videotaping a part of the *in camera* long-distance interrogation in determining whether the informant was a material witness served well to insure the accuracy of the magistrate's determination of credibility, preserve an accurate record for review and simultaneously, to protect the interest of the People in effecting their privilege. Such innovation is indeed in the furtherance of justice and protects well the legitimate interests of both the accused and the People." (*Id.* at p. 1121.)

If the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit, including any testimony offered at the in camera hearing. Generally, in order to prevail on such a challenge, the defendant must demonstrate that (1) the affidavit included a false statement made "knowingly and intentionally, or with reckless disregard for the truth," and (2) "the allegedly false statement is necessary to the finding of probable cause." (*Franks, supra,* 438 U.S. at pp. 155-156 [57 L.Ed.2d at p. 672].)

If the trial court determines that the materials and testimony before it do not support defendant's charges of material misrepresentation, the court should simply report this conclusion to the defendant and enter an order denying the motion to traverse. (Cf. § 1042, subd. (d) [if court determines in camera there is no reasonable possibility that confidential informant is a material witness to defendant's guilt or innocence such that nondisclosure of the informant's identity would deprive defendant of a fair trial, it shall not order disclosure but simply report its finding]; see also *People* v. *Brown* (1989) 207 Cal.App.3d 1541 [256 Cal.Rptr. 11] [after determining in an in camera hearing that warrant affidavit was not materially false, court properly denied evidentiary hearing and motion challenging warrant's validity]; *State* v. *Casal, supra,* 699 P.2d at pp. 1239-1240 [mandating in camera hearing, after preliminary showing satisfied, to examine confidential informant; if judge so decides defendant may be informed only that his allegations of falsity of affidavit were not proved, or that probable cause did exist].) Such a procedure "will assure the defendant of a judicial check on possible police misrepresentations, while preventing both unfounded fishing expeditions and inadvertent revelations of the identity of confidential police informants." (*Luttenberger, supra,* 50 Cal.3d at p. 24; see also *Seibel, supra,* 219 Cal.App.3d at p. 1299.)

If, on the other hand, the court determines there is a reasonable probability that defendant would prevail on the motion to traverse—i.e., a reasonable probability, based on the court's in camera examination of all the relevant materials, that the affidavit includes a false statement or statements made knowingly and intentionally, or with reckless disregard for the truth, which is material to the finding of probable cause (*Franks, supra,* 438 U.S. at pp. 155-156 [57 L.Ed.2d at p. 672])—the district attorney must be afforded the option of consenting to disclosure of the sealed materials, in which case the motion to traverse can then proceed to decision with the benefit of this additional evidence, and a further evidentiary hearing if necessary (*Seibel, supra,* 219 Cal.App.3d at p. 1300; *People* v. *Brown* (1989) 207 Cal.App.3d

1541, 1548 [256 Cal.Rptr. 11]), or, alternatively, suffer the entry of an adverse order on the motion to traverse. (§ 1042, subd. (a).)

■ Similarly, if the affidavit is found to have been properly sealed and the defendant has moved to quash the search warrant (Pen. Code, § 1538.5), the court should proceed to determine whether, under the "totality of the circumstances" presented in the search warrant affidavit and the oral testimony, if any, presented to the magistrate, there was "a fair probability" that contraband or evidence of a crime would be found in the place searched pursuant to the warrant. (*Illinois* v. *Gates* (1983) 462 U.S. 213, 238 [76 L.Ed.2d 527, 548, 103 S.Ct. 2317]; see also *People* v. *Camarella* (1991) 54 Cal.3d 592, 600-601 [286 Cal.Rptr. 780, 818 P.2d 63].) In reviewing the magistrate's determination to issue the warrant, it is settled that "the warrant can be upset only if the affidavit fails as a matter of law [under the applicable standard announced in *Illinois* v. *Gates, supra*, 462 U.S. at p. 238 (76 L.Ed.2d at p. 548)] to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause, since it is the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony. [Citations.]" (*Skelton* v. *Superior Court* (1969) 1 Cal.3d 144, 150 [81 Cal.Rptr. 613, 460 P.2d 485].)

If the court determines, based on its review of all the relevant materials, that the affidavit and related materials furnished probable cause for issuance of the warrant under *Illinois* v. *Gates, supra*, 462 U.S. 213, the court should simply report this conclusion to the defendant and enter an order denying the motion to quash. (Cf. *Luttenberger, supra*, 50 Cal.3d at p. 24; *Seibel, supra*, 219 Cal.App.3d at p. 1299.) If, on the other hand, the court determines, based on its review of all relevant materials and any testimony taken at the in camera hearing, that there is a reasonable probability the defendant would prevail on his motion to quash the warrant—i.e., a reasonable probability that the search warrant affidavit, including the sealed portions thereof, fails to establish sufficient probable cause for issuance of the warrant—then the district attorney must be afforded the opportunity to consent to disclose the sealed materials to the defense, after which the motion to quash can proceed to decision, or, alternatively, suffer the entry of an order adverse to the People on the motion to quash the warrant. (§ 1042, subd. (a).)

■ In all instances, a sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the search warrant application for possible appellate review. (*Luttenberger, supra*, 50 Cal.3d at p. 24; *Seibel, supra*, 219 Cal.App.3d at pp. 1299-1300.)

### III.

■ ■ Applying the foregoing principles to the instant case, it will first be recalled that defendant filed a separate motion to discover the

identity of the confidential informant in order to determine whether the informant was a material witness to her guilt or innocence. Her plea of no contest, tantamount to a guilty plea, bars any appeal from the denial of that motion, and she does not contend otherwise. (*Ante*, at p. 957, fn. 1; see *People* v. *Duval, supra,* 221 Cal.App.3d at p. 1114; *People* v. *Castro, supra,* 42 Cal.App.3d at p. 963.) As such, our inquiry is necessarily limited to the propriety of the denial of the motions to traverse and quash the warrant, and the denial of defendant's related request for discovery of the sealed materials in connection with those motions.

The record reflects that the only direct reference to defendant or her residence in the unsealed public portion of the affidavit was the listing of her residential address as a location where stolen property was believed to be secreted. The affidavit then refers to the attached "Exhibit C," which contains the officer-affiant's recital of the information furnished by the confidential informant. After the affiant and an assisting deputy district attorney tendered the search warrant application to the magistrate and asserted the informant's privilege, the magistrate and deputy district attorney examined the informant in the presence of the officer-affiant, and found good cause to issue the warrant and seal the entirety of Exhibit C (as well as a tape recording and transcript of that proceeding).

In entertaining defendant's motions to quash and traverse the warrant and discover the informant's identity for the purpose of determining whether he or she was a material witness to defendant's guilt or innocence, the trial court conducted its own in camera review of the search warrant application materials. Although it did not require the testimony of the confidential informant anew, the court did review the transcript of the magistrate's and deputy district attorney's examination of the informant at the time the search warrant was issued. The court found, as did the magistrate, that disclosure of *any* portion of the factual allegations set forth in the confidential attachment Exhibit C would effectively reveal the informant's identity, and that the materials were therefore properly sealed. The Court of Appeal below agreed with this finding, and our own review of the record affords us no basis for questioning this conclusion.

We are satisfied that the trial court acted within its sound discretion in conducting its own in camera review of the sealed materials, affirming the magistrate's determination that the sealing of the entirety of Exhibit C was necessary to implement the People's assertion of the informant's privilege, and in thereafter denying defendant's motions to traverse and quash the search warrant. The sealed portions of the record do reflect that the confidential informant had a prior juvenile and adult arrest record, and was implicated in the criminal activity leading to the issuance of the search

warrant in this case. The informant further indicated during the interview with the magistrate and deputy district attorney, in the affiant's presence, that he or she was hoping to receive more favorable custodial treatment as a consequence of cooperating with authorities in this and related cases. All of these circumstances were, however, fully known to the magistrate, who was aware of the informant's criminal history, personally observed and questioned the informant in the affiant's presence, and was satisfied the information furnishing probable cause for issuance of the warrant was reliable. The trial court, of course, had the benefit of review of that tape-recorded proceeding, a written transcript of which was also prepared and placed in the record. Finally, there is nothing in the sealed or public portions of the record to suggest that any misrepresentations, material or otherwise, were made by the affiant in applying for the search warrant.

A presumption of validity attached to the search warrant, a presumption strengthened by the magistrate's efforts in personally questioning and observing the informant in order to determine the veracity of the informant's statements and the sufficiency of the showing of probable cause based thereon. It was not necessary for the trial court to develop a further factual record of the basis for the search. The court was left with "the relatively uncomplicated task" of deciding whether, based on the search warrant application and supporting affidavit and materials, together with the record developed by the magistrate, the affidavit failed to set forth sufficiently reliable and competent evidence to support the magistrate's finding of probable cause to issue the warrant. (See, e.g., *Castillo, supra,* 607 N.E.2d at p. 1054; *Skelton v. Superior Court, supra,* 1 Cal.3d at p. 150.) We conclude, based on our review of the record and sealed materials, that it was not reasonably probable defendant could prevail on her motions to traverse or quash the search warrant. The motions were therefore properly denied.

IV.

The judgment of the Court of Appeal is reversed.

Kennard, J., Arabian, J., Baxter, J., George, J., and Cottle, J.,* concurred.

**MOSK, J.**—I dissent.

A search warrant containing no information other than the address of a home to be searched. Not a word as to what the government seeks to discover and seize.

---

*Presiding Justice, Court of Appeal, Sixth Appellate District, assigned by the Acting Chairperson of the Judicial Council.

A government informer, his—or, indeed, her—identity kept secret from the suspect, the suspect's counsel, and the public.

Both the suspect and counsel barred from a closed proceeding before a magistrate. No record of the proceeding given to the suspect or counsel.

Based entirely on the foregoing, a court order approving an unrestricted search of the suspect's home.

· Did this scenario occur in a communist dictatorship? Under a military junta? Or perhaps in a Kafka novel? No, this is grim reality in California in the final decade of the 20th century.

In this conflict between the right of privacy in a person's home guaranteed by the Constitution of California and the United States Constitution on the one hand, and on the other the desire of law enforcement personnel to protect an informer's identity and to prevent cross-examination and impeachment, the majority of this court opt for the latter at the expense of the former. I would respect the constitutional guaranties: I would affirm the judgment of the Court of Appeal, and hold that the informer's privilege codified in Evidence Code section 1041 does not apply when its assertion would conceal from the defendant all the material facts used to establish probable cause.

In summarizing the facts of this case the majority never squarely state that the *only* references to defendant in the public portion of the warrant are (1) the description, "44 Triplett St. Marysville Ca., a woodframed single family structure having the numbers 44 attached to the front exterior wall to the right of the front door," listed under the heading "PREMISSES [*sic*] TO BE SEARCHED CONTINUED," and (2) a notation that Pacific Gas & Electric Company "was contacted and the following information was obtained on the addresses given: [¶] . . . 44 Triplett Way, Marysville, service was listed under Janett [*sic*] M. Hobbs." I cannot agree the prosecution may validly assert the informer's privilege when the public portion of the warrant contains only this meager information.

To borrow the analogy of defendant's counsel, many of our cases have established that the prosecution may use two points in the public portion of the affidavit and two points in the sealed portion, and assert that two plus two equals four—probable cause. (See, e.g., *People* v. *Greenstreet* (1990) 218 Cal.App.3d 1516, 1518-1520 [67 Cal.Rptr. 377] [*Greenstreet*]; *Swanson* v. *Superior Court* (1989) 211 Cal.App.3d 332, 338 [259 Cal.Rptr. 260] [*Swanson*].) The question presented here is whether the prosecution may use

zero points in the public portion of the warrant and arguably four points in the sealed portion and still assert it has shown four valid points. I would hold the prosecution cannot use the informer's privilege to conceal from the defendant all the material information that established probable cause.

California has codified the informer's privilege. Evidence Code section 1041, subdivision (a),[1] allows the prosecution to refuse to disclose an informer's identity. This privilege is absolute if a California or federal law forbids disclosure (*id.*, subd. (a)(1)); otherwise, it is conditional and hinges on whether in the interests of justice the need for confidentiality outweighs the need for disclosure (*id.*, subd. (a)(2)). Such an assertion of privilege usually results in an adverse ruling on any issue to which the privileged information is material (§ 1042; subd. (a)), on the ground that " 'it is unconscionable to allow [the government] to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense' " (7 Cal. Law Revision Com. Rep. (Dec. 1965) p. 205).

The prosecution may, however, refuse to reveal an informer's identity to a defendant who seeks it to establish the illegality of a search or the inadmissibility of evidence from a search—as opposed to a defendant who seeks it to establish his innocence—without suffering that consequence. Section 1042, subdivision (b), provides that "where a search is made pursuant to a warrant valid on its face, the public entity bringing a criminal proceeding is not required to reveal to the defendant . . . the identity of an informer in order to establish the legality of the search or the admissibility of any evidence obtained as a result of it."[2] By its own terms this section applies only to the *identity* of the informer, i.e., his name.[3] Judicial extensions of the privilege, however, took the next logical step: the privilege not to reveal an informer's identity necessarily included a privilege not to reveal any of an informer's communication that would itself tend to expose the informer's identity. (See,

[1] All further statutory references are to this code unless otherwise noted.

[2] The question whether the prosecution could assert that the information given by the informer is "official information" (see § 1040, subd. (a) [defining "official information"]) and thus need not be disclosed (see § 1042, subd. (b)) is not before us because the prosecution did not advance it. I believe, however, that the same considerations I outline with respect to the informer's privilege would prevent the assertion of the "official information" portion of the privilege set forth in section 1042, subdivision (b).

[3] The Law Revision Commission's comment confirms this interpretation. It states that this subdivision codifies the rule set out in *People v. Keener* (1961) 55 Cal.2d 714, 723 [12 Cal.Rptr. 859, 361 P.2d 587] (*Keener*), disapproved on another point in *People v. Butler* (1966) 64 Cal.2d 842, 845 [52 Cal.Rptr. 4, 415 P.2d 819]. (7 Cal. Law Revision Com. Rep., *supra*, p. 205.) In *Keener*, we approved a warrant and affidavit the public portion of which recited material facts that supported the probable cause finding; the affiant merely declined to reveal the informer's name. (55 Cal.2d at pp. 717-718, 721.)

e.g., *Roviaro* v. *United States* (1956) 353 U.S. 53, 60 [1 L.Ed.2d 639, 644-645, 77 S.Ct. 623] [*Roviaro*]; *People* v. *Seibel* (1990) 219 Cal.App.3d 1279, 1287 [269 Cal.Rptr. 313] [*Seibel*].) For example, the Court of Appeal in *Swanson, supra,* 211 Cal.App.3d at page 338, observed, "the privilege is ordinarily protected by not identifying the informant by name . . . ." It then stated the affidavit must give information to show the informer's reliability, but remarked that the need to protect the informer's identity "may necessitate limiting the details which might reveal identity." (*Ibid.*)

With the exception, however, of this case and *Seibel, supra,* 219 Cal.App.3d 1279, none of the California cases cited by the parties deals with the question whether the informer's privilege may apply to shield *all* the material information that made up probable cause. The warrants discussed in those opinions give the defendant at least some information on which to base a challenge. (See, e.g., *Greenstreet, supra,* 218 Cal.App.3d at p. 1518 [the trial court excised the portions of the affidavit that would identify the confidential informer and furnished the balance to the defendant]; *Swanson, supra,* 211 Cal.App.3d at p. 339 [the court held that an affidavit may be sealed only to the extent necessary to protect the confidentiality of the informer's identity]; *People* v. *Flannery* (1985) 164 Cal.App.3d 1112, 1114 [210 Cal.Rptr. 899] [*Flannery*] [the magistrate sealed only the portion of the affidavit concerning the reliability of the informer]; see also *State* v. *Casal* (1985) 103 Wn.2d 812 [699 P.2d 1234, 1235-1236] [*Casal*].) Further, federal cases do not extend the informer's privilege to shield all the material facts making up probable cause in a warrant. (See, e.g., *U.S.* v. *Cummins* (6th Cir. 1990) 912 F.2d 98, 99; *United States* v. *Moore* (9th Cir. 1975) 522 F.2d 1068, 1072 [*Moore*]; *United States* v. *Rivera* (N.D.Ind. 1990) 738 F.Supp. 1208, 1211-1212; *United States* v. *Barker* (D.Colo. 1985) 623 F.Supp. 823, 836.) Thus, with two exceptions, none of the cases extending the informer's privilege to cover an informer's communication is applicable to the question before us.[4]

A settled canon of statutory interpretation aids in resolving the question whether the privilege embodied in sections 1041 and 1042 applies here: "[T]he rule in favor of a construction which upholds a statute's validity 'plainly must mean that where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the

---

[4]The majority cite *People* v. *Castillo* (1992) 80 N.Y.2d 578 [592 N.Y.S.2d 945, 607 N.E.2d 1050] (*Castillo*). (Maj. opn., *ante,* pp. 967-969.) The case is distinguishable, however, because the New York Legislature explicitly empowered its state courts to "issue a protective order *denying* . . . discovery" to protect the confidentiality of informers. (N.Y Crim. Proc. Law, § 240.50, italics added; see *Castillo, supra,* 607 N.E.2d at p. 1050.) By contrast, here we must decide whether to judicially extend to conceal all the material facts making up probable cause, a privilege that the Legislature originally intended to protect only an informer's identity.

other of which such questions are avoided, our duty is to adopt the latter.' " (*People* v. *Davenport* (1985) 41 Cal.3d 247, 264 [221 Cal.Rptr. 794, 710 P.2d 861] [*Davenport*].) Interpreting section 1042, subdivision (b), to extend to situations such as presented here raises potential constitutional problems. First, it may violate defendant's right to due process to permit the prosecution both to use evidence seized pursuant to a warrant search and to conceal the facts relied on to establish probable cause. As the Court of Appeal observed, the opportunity to be heard guaranteed under the due process clause (see *Crane* v. *Kentucky* (1986) 476 U.S. 683, 690 [90 L.Ed.2d 636, 644-645, 106 S.Ct. 2142]) would be empty if the prosecution were allowed to conceal all the material information used to establish probable cause. Second, denying all the information used to establish probable cause may violate defendant's Sixth Amendment rights. The Sixth Amendment right to effective assistance of counsel is, of course, binding on the states through the Fourteenth Amendment. (*Gideon* v. *Wainwright* (1963) 372 U.S. 335, 345 [9 L.Ed.2d 799, 805-806, 83 S.Ct. 792, 93 A.L.R.2d 733].) It attaches at all "critical stages" of the prosecution (*White* v. *Maryland* (1963) 373 U.S. 59, 60 [10 L.Ed.2d 193, 194, 83 S.Ct. 1050] [*White*]; *Hamilton* v. *Alabama* (1961) 368 U.S. 52, 54 [7 L.Ed.2d 114, 116, 82 S.Ct. 157] [*Hamilton*]) when the "presence of [the defendant's] counsel is necessary to preserve the defendant's basic right to a fair trial" (*Coleman* v. *Alabama* (1970) 399 U.S. 1, 7 [26 L.Ed.2d 387, 395, 90 S.Ct. 1999]) and " 'Only the presence of counsel could have enabled [the] accused to know all the defenses available to him . . . .' " (*White, supra*, 373 U.S. at p. 60 [10 L.Ed.2d at p. 194], quoting *Hamilton, supra*, 368 U.S. at p. 55 [7 L.Ed.2d at p. 117]). A suppression hearing may be such a critical stage because, as the high court recognized in *Waller* v. *Georgia* (1984) 467 U.S. 39, 46-47 [81 L.Ed.2d 31, 39, 104 S.Ct. 2210], "suppression hearings often are as important as the trial itself. [Citations.] In . . . many cases, the suppression hearing [is] the *only* trial, because the defendants thereafter plead[ ] guilty pursuant to a plea bargain." (Italics in original.)

If the suppression hearing is such a "critical stage," a state cannot take action that renders it ineffective. (See, e.g., *Geders* v. *United States* (1976) 425 U.S. 80, 91 [47 L.Ed.2d 592, 600-601, 96 S.Ct. 1330] [holding that an order restraining petitioner from consulting with his attorney during an overnight recess impinged on the Sixth Amendment right to assistance of counsel].) Asserting the informer's privilege so that defendant's counsel has no access to any of the material facts that went into the determination of probable cause appears to be such an action, and hence would be prohibited. To avoid a potentially unconstitutional interpretation of section 1041, we should interpret the informer's privilege not to apply when its assertion conceals from the defendant all the material facts used to establish probable cause. (See *Davenport, supra*, 41 Cal.3d at p. 264.)

Moreover, the informer's privilege is not an absolute privilege. As observed earlier, section 1041, subdivision (a) (2), explicitly provides that in the absence of a federal or California law forbidding disclosure the privilege is conditional and calls for weighing the public interest in confidentiality against the necessity for disclosure in the interest of justice. Likewise, the high court in *Roviaro, supra,* 353 U.S. 53, observed that the decision whether to allow the informer's privilege to apply is one of "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense" (*id.* at p. 62 [1 L.Ed.2d at p. 646]), and it explicitly stated that one limitation on the privilege "arises from the fundamental requirements of fairness" (*id.* at p. 60 [1 L.Ed.2d at p. 645]). In *McCray v. Illinois* (1967) 386 U.S. 300, 310 [18 L.Ed.2d 62, 70, 87 S.Ct. 1056], the high court commented that when disclosure of the informer's identity " 'is essential to a fair determination of a cause, the privilege must give way,' " and observed such a decision must depend on the " 'particular circumstances of each case . . . .' "

In the hearing on the motion to quash and traverse a search warrant, the trial court confronts only the question whether there was probable cause for the issuance of the warrant. Here, the information given by the informer was highly relevant to any defense because it was the *only* basis for the finding of probable cause; thus, defendant's interest in discovery of the information was very high. Conversely, the prosecution's interest in the confidentiality of this particular informer was fairly low: there was no evidence in the record that this informer had been of past value or would be of continuing value to the police. Further, this case did not involve organized crime or large quantities of valuable drugs, and thus did not involve a great threat of physical harm to the informer. Given the significance of the information sought and the comparatively weak reasons for maintaining the privilege, simple fairness dictates the privilege should give way here.

A decision along the lines suggested would not have significant practical effect on the ability of police to catch criminals. I do not question generally the propriety of sealing information in affidavits to protect helpful informers. I would merely hold the informer's privilege does not allow the prosecution to conceal from the defendant *all* the material facts establishing probable cause. It does not appear to be a common occurrence both that information from a confidential informer is the sole basis for probable cause *and* that none of the material facts can be revealed because of the threat to the informer. I am aware of only two other reported cases involving this situation. (*Seibel, supra,* 219 Cal.App.3d 1279; *Castillo, supra,* 607 N.E.2d 1050.) Moreover, the prosecution could avoid the impact of the requirements of the law merely by requiring the police to perform additional investigative

work to confirm the confidential informer's information. A warrant could then issue with its basis in both the informer's information—which the court could seal—and the police's corroborating information. The high court itself recognized that its "decisions . . . have consistently recognized the value of corroboration of details of an informer's tip by independent police work." (*Illinois* v. *Gates* (1983) 462 U.S. 213, 241 [76 L.Ed.2d 527, 548, 103 S.Ct. 2317] [*Gates*].)

Finally, if we were presented with an unusual situation in which the prosecution could demonstrate there were in fact no other means to corroborate the informer's information, and that release of any information would endanger the informer, it might be appropriate to consider use of the procedure advocated by the majority.[5] That situation, however, is not presented here. There is no evidence to suggest that additional investigation could not have turned up corroborating information, nor does it seem likely that such investigation would have failed. To the extent it is argued that the crime investigated—receipt of stolen property—was too trifling to warrant additional police investigation, this consideration also lessens the public interest in the confidentiality of the informer. (See *Roviaro*, *supra*, 353 U.S. at p. 62 [1 L.Ed.2d at p. 646].)

The majority sets out the essence of its reasoning in support of its decision in one paragraph, quoting from *Seibel*, *supra*, 219 Cal.App.3d at page 1297. (Maj. opn., *ante*, p. 966.) *Seibel* resolved a similar situation on the basis of the "rule" that an affidavit may be sealed to the extent necessary to protect the confidentiality of the informer's identity. (*Seibel*, *supra*, 219 Cal.App.3d at p. 1297, citing *Swanson*, *supra*, 211 Cal.App.3d at p. 339, and *Flannery*, *supra*, 164 Cal.App.3d at pp. 1115-1121.) It reasoned that "[i]t follows from th[is] . . . rule that a sealing of virtually all of an affidavit . . . is permissible if the necessity requirement is met." (*Seibel*, *supra*, 219 Cal.App.3d at p. 1297.) The public portion of the warrant in *Seibel*, however, included the following paragraph: "Within the last seven days, . . . a [confidential informer] . . . told me of a man named William Seibel who sold cocaine. [Confidential informer] purchased an amount of cocaine from William Seibel . . . ." (*Id.* at pp. 1284-1285, omissions in original.) Without passing on the sufficiency of the information given there, I consider *Seibel* distinguishable insofar as the public portion of the warrant gave the defendant at

---

[5]*United States* v. *Anderson* (9th Cir. 1975) 509 F.2d 724 suggested in a dictum an interesting alternative: a court could conduct in camera hearings "to which the defense counsel, but not the defendant, is admitted" (*id.* at p. 729), and could place defense counsel under enforceable orders against disclosure of the evidence (*id.* at p. 730). I also observe that a court might appoint an independent counsel to represent the defendant at the suppression hearing. The appropriateness of these suggestions, however, must await a case that presents the issue.

least some information with which he could challenge the finding of probable cause. In contrast, the public portion of the warrant here merely contained defendant's home address.

In addition, the cases cited by *Seibel, supra,* 19 Cal.App.3d at page 1297, in support of the proposition that a warrant affidavit may be sealed to the extent necessary to protect the confidentiality of the informer's identity do not support the proposition that a warrant affidavit may be sealed in its entirety. *Swanson, supra,* 211 Cal.App.3d at pages 335-338, dealt with the question of the extent to which the informer's privilege may be used to seal information in an oral affidavit. It observed that the "well-established procedure" used with written affidavits suggested the information in an oral affidavit that reveals a confidential informer's identity may likewise be concealed from the defendant. (*Id.* at p. 338.) It explicitly warned, however, that "[n]othing in the procedure . . . suggests that the . . . affidavit may be sealed in its entirety." (*Ibid.*) It explained: "The problem with sealing the entire affidavit is one of due process. . . . Sealing the entire affidavit prevents [the defendant] from exercising [his Fourth and Sixth Amendment] rights." (*Id.* at p. 340.)

*Flannery, supra,* 164 Cal.App.3d 1112, likewise does not support the proposition that a search warrant affidavit may be sealed in its entirety. It is distinguishable insofar as it involved a warrant in which only "data regarding the reliability of the confidential informant" was sealed under the informer's privilege; it did not involve a warrant affidavit sealed in its entirety. (*Id.* at p. 1114.) Thus, it too did not address the statutory interpretation and constitutional concerns relevant here. As *Swanson* observed, "*Flannery* cannot be read to support the proposition that an entire affidavit, including all the factual material on which probable cause is grounded, may be sealed to safeguard the identity of a confidential informant." (211 Cal.App.3d at p. 339.) Thus, the two cases on which *Seibel* relied do not support the proposition for which it cited them, i.e., that a warrant affidavit may be sealed in its entirety. In essence, the majority here fail to recognize that as the informer's privilege is asserted to conceal increasingly greater portions of the material information used to establish probable cause, considerations other than the informer's privilege—including constitutional concerns—become increasingly important.

The majority also err in holding that the in camera procedures set forth in *People* v. *Luttenberger* (1990) 50 Cal.3d 1 [265 Cal.Rptr. 690, 784 P.2d 633] (*Luttenberger*) sufficiently protect defendant's interests in the situation before us. In *Luttenberger* (*id.* at p. 8), the defendant requested information about a confidential informer to aid in satisfying the threshold showing

required by *Franks* v. *Delaware* (1978) 438 U.S. 154, 171 [57 L.Ed.2d 667, 681-682, 98 S.Ct. 2674] (*Franks*) for a subfacial challenge.[6] We held that if a defendant makes a sufficient preliminary showing, the trial court should conduct an in camera hearing in which it examines "records specified by the defendant," and ascertain whether they support "the defendant's allegations of material misrepresentations or omissions." (50 Cal.3d at p. 24.) Thus we clearly contemplated that the defendant would have access to at least enough information to specify what records should be discovered and to formulate allegations of misrepresentation or omissions.

Moreover, the task of determining whether information in specified records supports explicit allegations differs from the procedure contemplated by the majority. The *Luttenberger* procedure assigns the court a role akin to a trier of fact: it must determine whether evidence supports allegations. This is the role trial judges assume in every bench trial. In contrast, the majority contemplates the court's formulating allegations and promulgating discovery requests—a role judges do not commonly assume. Although the high court was speaking of the magistrate who issues the original warrant, its statement in *Franks, supra,* 438 U.S. at page 169 [57 L.Ed.2d at page 680], applies equally to the judge reviewing the probable cause determination: he "has no acquaintance with the information that may contradict the good faith and reasonable basis of the affiant's allegations."

For example, in *People* v. *Garcia* (1982) 109 Ill.App.3d 142 [64 Ill.Dec. 717, 440 N.E.2d 269, 271], the defendant challenged the warrant affidavit, which stated that a confidential informer had been present in the defendant's home when the defendant sold cocaine to an anonymous friend. It also stated that an independent investigation revealed the informer had accurately described the premises, that a 1977 white Cadillac bearing Florida license plate number GBH-166 was parked in front, and that a computer check confirmed that the defendant owned the vehicle. The defendant denied each allegation, and further stated that the Cadillac could not have been parked in front of the apartment on the day and at the time stated in the affidavit because he was driving it from Miami to Chicago at that time.

---

[6]A defendant may make two types of challenges to the sufficiency of a warrant. First, he may make a facial challenge, and assert that the statements that appear in the warrant and affidavit when taken together do not amount to a showing of probable cause. (See, e.g., *Gates, supra,* 462 U.S. 213.)

Second, the defendant may make a subfacial challenge, and allege that the affiant intentionally or recklessly lied in the warrant or affidavit. (See *Franks, supra,* 438 U.S. at p. 171 [57 L.Ed.2d at pp. 681-682].) The defendant may obtain a hearing on the veracity of the statements made in the affidavit if he successfully makes "a substantial preliminary showing" that the affiant knowingly, intentionally or with reckless disregard for the truth made a false statement, and if the allegedly false statements are necessary to a finding of probable cause. (*Id.* at pp. 155-156 [57 L.Ed.2d at p. 672].)

Likewise, in *People* v. *Redmond* (1983) 114 Ill.App.3d 407 [70 Ill.Dec. 404, 449 N.E.2d 533, 534], the complaint for the search warrant stated that a confidential informer had been inside defendant's residence recently and had seen LSD on the living room and kitchen tables. At the motion to suppress, the defendant presented the testimony of six witnesses—himself, two roommates, and three visitors. The state did not even present the testimony of the affiant. All six witnesses for the defendant testified to substantially the same events: they testified that during the time period in question they did not see other people on the premises, they did not see any LSD, and they did not take any LSD. The defendant and one other witness also related that at the time of the search, the defendant asked whether the officer really expected to find any LSD. Both observed that the officer had smirked and shaken his head, indicating "no." The trial court later referred to the fact that the affiant had twice previously and unsuccessfully attempted to gain admission to the defendant's residence, and observed that it appeared the affiant felt frustrated in her purpose. These allegations of material misrepresentation are exactly the type of challenge that a judge will not be able to advance on behalf of the defendant in an in camera, ex parte hearing, simply because he "has no acquaintance with the information that may contradict the good faith and reasonable basis of the affiant's allegations." (*Franks, supra,* 438 U.S. at p. 169 [57 L.Ed.2d at p. 680].)

Finally, neither the Washington state case nor the Ninth Circuit case on which the majority rely lends support to their novel extension of the in camera procedure. Both cases involved the review of warrants that concealed only a portion of the material information that established probable cause, and thus they dealt only with the type of in camera hearing we originally approved in *Luttenberger, supra,* 50 Cal.3d 1. (See *Moore, supra,* 522 F.2d at p. 1072; *Casal, supra,* 699 P.2d at pp. 1235-1236.) Here, in contrast, the warrant contained only defendant's home address. Hence *Moore* and *Casal* do not speak to whether the novel use of the in camera hearing contemplated by the majority sufficiently protects defendant's interest.

A further problem with the majority's approach is that all defendants in this situation will automatically be entitled to a hearing. The majority state that "where, as here, *all or a major portion of the search warrant affidavit* has been sealed in order to preserve the confidentiality of the informant's identity . . . the court should treat the matter as if the defendant has made the requisite preliminary showing required under this court's holding in *Luttenberger.*" (Maj. opn., *ante,* p. 972, fn. 6, italics in original.) The majority thus resolve the problem presented by a defendant who may be completely ignorant of all or a major portion of the affidavit *by eliminating the threshold showing requirement.*

Furthermore, not only do the majority grant a defendant in this situation an automatic hearing, but their reasoning may also require an automatic appeal. The majority state that a sealed transcript of the in camera proceedings should be retained for "possible appellate review." (Maj. opn., *ante*, p. 975.) The defendant, however, confronts the same problem on appeal as he did in trying to obtain the initial hearing: he does not have access to any information with which to satisfy a threshold showing. To the extent the majority's reasoning suggests again eliminating the threshold showing, the defendant will also have an automatic appeal. Again the majority attempt to remedy a symptom of a problem—the defendant's inability to satisfy a threshold showing—by eliminating the threshold showing. In so doing, they create a host of secondary problems. I would instead attack the underlying problem itself—the defendant's lack of access to the material information that established probable cause—by simply requiring additional police investigative work to corroborate the informer's information, with that information being given to the defendant.

I emphasize the narrow scope of my dissent: I would hold only that the prosecution may not assert the privilege to refuse to disclose a confidential informer's identity to shield *all* the material facts on which probable cause for a search is based. I observe, however, that this case does not present the problem of what portion of the material facts must be revealed for a valid assertion of the privilege, and I express no opinion as to that question.

For the reasons stated I would affirm the judgment of the Court of Appeal.