Filed 3/21/14  P. v. Lupercio CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PABLO JESSE LUPERCIO,<br><br>Defendant and Appellant. | F064903<br><br>(Super. Ct. No. 10CM3892)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Ronald Richard Boyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Levy, J. and Cornell, J.

Defendant Pablo Jesse Lupercio was convicted by jury of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1), and being a felon in possession of ammunition (Pen. Code,[1] § 12316, subd. (b)(1); count 2). He admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a prior prison term (§ 667.5, subd. (b)). The trial court sentenced him to six years four months in prison. On appeal, defendant contends his trial counsel was ineffective in failing to bring a motion to suppress evidence (§ 1538.5), and failing to bring a motion to unseal and traverse or quash the sealed warrant (*People v. Hobbs* (1994) 7 Cal.4th 948 (hereafter "*Hobbs* motion")). Because defendant cannot demonstrate counsel's alleged omissions were caused by ineffective assistance, we reject defendant's contention and affirm the judgment.

### *FACTUAL AND PROCEDURAL BACKGROUND*

On November 5, 2010, Hanford Police Detective Richard Pontecorvo went to conduct a search of defendant's residence pursuant to a search warrant. The search uncovered a baggie containing .11 grams of methamphetamine. A gun-cleaning kit and soft handgun case (but no firearms) were also found during the search. Later that night when defendant was being booked into jail, a live nine-millimeter round was discovered in one of his pants pockets.

On July 22, 2011, the jury found defendant guilty of possession of methamphetamine and being a felon in possession of ammunition.

On September 30, 2011, defendant filed a motion for new trial, arguing inter alia that his trial counsel was ineffective for failing to obtain a copy of the search warrant and supporting affidavit without which "no determination could be made to tactically attack the warrant."

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

The hearing on defendant's motion for new trial took place on March 16, 2012. During the hearing, the parties stipulated that the prosecutor "did not turn over any search warrant, the front page of the search warrant, face cover sheet of the search warrant, or any part of the affidavit to trial counsel or present counsel" and "the evidence in this case was obtained based on and were the fruit of that search warrant."

At the hearing, defendant's trial counsel testified that to the best of his recollection the November 5, 2010, entry into defendant's house was based on a search warrant. Counsel acknowledged he never reviewed the warrant or supporting affidavit.[2] When questioned regarding his failure to do so, counsel testified that "at the time I didn't feel there was a need to for some reason or I would have sought it." Counsel elaborated: "[I]t's been a while since I've looked at this, but I believe based on the police report I would have discussed that with my client and questioned whether it was a need to, and that's the best I can tell you. I just didn't at the time feel there was a need to look at it."

After listening to argument, the trial court denied defendant's motion for new trial. In rejecting defendant's claim that his trial counsel provided ineffective assistance, the court observed that it "did not see anything deficient in his representation of [defendant]."

## DISCUSSION

A defendant claiming ineffective assistance of counsel in violation of his Sixth Amendment right to counsel must show that his or her counsel's performance fell below

---

**2** Defendant's trial counsel also testified that, on the morning of the hearing on defendant's new trial motion, he learned from the prosecutor that the documents had been sealed. On July 18, 2012, this court granted defendant's motion to augment the record on appeal to include the search warrant and supporting affidavit. These documents were transmitted to this court under seal on August 21, 2012. Defendant subsequently applied for leave to examine sealed material. By order dated January 3, 2013, this court deferred ruling on defendant's application pending consideration of the appeal on its merits. As we shall explain, because review of the sealed search warrant and supporting affidavit is unnecessary to resolve defendant's ineffective assistance of counsel claim, we deny his application to examine sealed material.

3

an objective standard of reasonableness under prevailing professional norms and also that it is reasonably probable, but for counsel's failings, the result would have been more favorable to the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 694 (*Strickland*); *In re Jones* (1996) 13 Cal.4th 552, 561.) "'The burden of sustaining a charge of inadequate or ineffective representation is upon the defendant. The proof ... must be a demonstrable reality and not a speculative matter.'" (*People v. Karis* (1988) 46 Cal.3d 612, 656.) There is a presumption the challenged action "'might be considered sound trial strategy'" under the circumstances. (*Strickland*, at p. 689; accord, *People v. Dennis* (1998) 17 Cal.4th 468, 541.)

On a direct appeal a conviction will be reversed for ineffective assistance of counsel only when the record demonstrates there could have been no rational tactical purpose for counsel's challenged act or omission. (*People v. Lucas* (1995) 12 Cal.4th 415, 442 ["[r]eviewing courts reverse convictions on direct appeal on the ground of incompetence of counsel only if the record on appeal demonstrates there could be no rational tactical purpose for counsel's omissions"]; *People v. Mitcham* (1992) 1 Cal.4th 1027, 1058 ["'[i]f the record sheds no light on why counsel acted or failed to act in the manner challenged, "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation" [citation], the contention [that counsel provided ineffective assistance] must be rejected'"].)

While defendant contends his trial counsel provided ineffective assistance by failing to bring a motion to suppress and a *Hobbs* motion, we discern from his supporting arguments that his real contention is that counsel was ineffective for failing to perform what defendant describes as the "basic task" of "reviewing the face of the warrant for issues that would invalidate the search and result in the suppression of evidence." Defendant essentially concedes he is unable to demonstrate he was prejudiced by counsel's failure to review the search warrant and supporting affidavit and thus asks this

4

court to grant his previously filed application to examine the sealed materials and thereafter permit him to file a supplemental brief "to establish prejudice" under *Strickland*, *supra*, 466 U.S. 668. Alternatively, he asks this court to review the sealed materials to determine whether he was prejudiced by trial counsel's failure to review the search warrant.

We need not reach the prejudice issue, however, because defendant cannot demonstrate his trial counsel's failure to review the search warrant was the result of ineffective assistance. At the March 2012 hearing on defendant's new trial motion, defendant's trial counsel said he did not seek to review the search warrant and supporting affidavit underlying the November 2010 search of defendant's residence because he did not think it was necessary to do so at the time. Although it is apparent counsel could not recall the specific reason he thought it was unnecessary, the record nevertheless suggests sufficient tactical reasons for not seeking to review the sealed search warrant.

For example, the record reflects that defendant was on probation at the time of the search, and Detective Pontecorvo testified at the preliminary hearing that, while the search of defendant's home was conducted pursuant to a warrant based on information defendant had stolen items and a gun in his possession, defendant was "subject to search and seizure on parole in any case." Based on this and other information defendant might have provided during off-the-record discussions, defendant's trial counsel might reasonably have concluded that the trial court would likely find an independent basis for upholding the search and therefore seeking to review the search warrant would not be an effective use of counsel's time and resources in preparing the defense. In other words, defense counsel is not ineffective for deciding not to review a search warrant to determine if there are grounds for bringing a motion to challenge the validity of the warrant when the search conducted thereto is likely to be upheld in any event. (See

5

*People v. Memro* (1995) 11 Cal.4th 786, 834 [counsel not ineffective for failing to bring a motion lacking merit].)

In short, we must reject defendant's claim that he received ineffective assistance of counsel because the record on appeal does not affirmatively disclose "the lack of a rational tactical purpose for the challenged act or omission." (*People v. Ray* (1996) 13 Cal.4th 313, 349; *People v. Lopez* (2008) 42 Cal.4th 960, 972.)

## *DISPOSITION*

The judgment is affirmed. Defendant's application to examine sealed materials is denied.