Filed 3/26/14  P. v. Hernandez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GUILLERMO HERNANDEZ CERVANTES,<br><br>    Defendant and Appellant. | D063803<br><br><br>(Super. Ct. No. JCF29322) |

APPEAL from a judgment of the Superior Court of San Diego County, William D. Lehman, Judge.  Affirmed.

Law Office of Patrick M. Ford, Patrick M. Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala G. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Charles C. Ragland and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant Guillermo Hernandez Cervantes appeals from a judgment of the trial court entered after he pled no contest to one count of selling, transporting, or offering to sell a controlled substance, in violation of Health and Safety Code section 11352, subdivision (a).[1]

Cervantes was arrested after police officers executed a search warrant that authorized searches of his person, his car, and his home, based on information provided to them by a confidential informant. On appeal, Cervantes contends that his trial counsel rendered ineffective assistance by failing to investigate the reliability of the confidential informant prior to recommending that Cervantes accept a plea bargain pursuant to which Cervantes would enter a no contest plea and agree to a sentence of five years.

We conclude that Cervantes's ineffective assistance of counsel claim is without merit. We therefore affirm the judgment.

---

[1]     Further statutory references are to the Health and Safety Code unless otherwise specified.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Factual background* [2]

On August 11, 2012, El Centro Police Officers C. Gustafson and James Thompson executed a search warrant that authorized the search of Cervantes, his vehicle, and his residence. The search warrant had been issued in conformance with *People v. Hobbs* (1994) 7 Cal.4th 948, 972, in that the probable cause was established by statements made by a confidential informant. Cervantes was present while the officers performed the searches.

In Cervantes's bedroom, officers found a cardboard box, in which they discovered two digital scales, a used syringe, several razor blades, rubber bands, a glass pipe, and a dark brown tar-like substance.

Sergeant Sawyer[3] searched Cervantes's cell phone and found several text messages that indicated that Cervantes had sold controlled substances.

Officers placed Cervantes under arrest. After officers informed Cervantes that he would be subjected to a strip search at the jail, Cervantes retrieved a bag that contained four small bindles of heroin from his buttocks.

Cervantes told Officer Thompson that he would buy 12 grams of heroin at a time and would keep two grams for himself. Cervantes would cut the remaining 10 grams

---

[2]     Because Cervantes pled guilty and there was no trial, these facts are taken from the probation report.

[3]     Sergeant Sawyer's first name is not provided in the probation report.

with Pepsi and sugar, and then sell the cut heroin. Cervantes said that he could make between $100 and $600 per day selling heroin.

Cervantes possessed 91.9 grams of cut heroin at the time of his arrest.

B.    *Procedural background*

The Imperial County District Attorney filed an information charging Cervantes with possession of a controlled substance for sale (§ 11351; count 1), and sale, transportation, or offer to sell a controlled substance (§ 11352, subd. (a); count 2). The information alleged that Cervantes had suffered a prior conviction for sale, transportation, or offer to sell a controlled substance, with respect to both counts (§ 11370.2, subd. (a)).

Approximately three months after the charging document was filed, Cervantes pled no contest to count 2. Pursuant to a plea agreement, Cervantes was to receive a sentence of five years, to be served in county jail, and the remaining charge and prior conviction allegations would be dismissed.

At a sentencing hearing in February 2013, Cervantes asked to be permitted to withdraw his no contest plea and requested that the court conduct a *Marsden*[4] hearing, in order to replace his appointed counsel. At that hearing, Cervantes's attorney at the time, Monica Lepe-Negrete, informed the court that Cervantes had been in contact with another attorney, John Breeze, and that Cervantes wanted to retain Attorney Breeze. The trial court agreed to continue the proceedings to allow Cervantes to retain Attorney Breeze.

---

4    *People v. Marsden* (1970) 2 Cal.3d 118.

At a second *Marsden* hearing in March 2013, Cervantes informed the court that he had been unable to retain Breeze, but still wished to relieve Attorney Lepe-Negrete as his attorney. Cervantes said that he had not been aware of how much heroin he had been charged with possessing. Cervantes indicated that he wanted to withdraw his plea, and stated that "when [he] was talking to her [i.e. Attorney Lepe-Negrete]," he had been "going through withdrawals" and "wasn't thinking right." Attorney Lepe-Negrete told the court that she had gone over the entire police report with Cervantes, including the information about the quantity of drugs found, and that Cervantes had recently stopped speaking with her. The trial court relieved Lepe-Negrete as Cervantes's attorney.

At a subsequent hearing, Cervantes was represented by Attorney Breeze. The court had set the matter for sentencing, but at the hearing, Attorney Breeze moved to set aside Cervantes's plea, based on ineffective assistance of counsel. The trial court denied Cervantes's motion to set aside the plea, and pursuant to the plea agreement, sentenced Cervantes to the upper term of five years in local custody.

Cervantes filed a timely notice of appeal. The trial court granted Cervantes's request for a certificate of probable cause.

III.

DISCUSSION

Cervantes contends that his trial counsel rendered ineffective assistance by failing to investigate the reliability of the confidential informant who provided the statements on which the search warrant was based. "An appellant claiming ineffective assistance of counsel has the burden to show: (1) counsel's performance was deficient, falling below an

5

objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice." (*People v. Montoya* (2007) 149 Cal.App.4th 1139, 1146–1147 (*Montoya*); *Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*) [setting out two-pronged test for assessing ineffective assistance of counsel claims as requiring showing of deficient performance and resultant prejudice].)

"In determining whether counsel's performance was deficient, we exercise deferential scrutiny. [Citations.] The appellant must affirmatively show counsel's deficiency involved a crucial issue and cannot be explained on the basis of any knowledgeable choice of tactics. [Citation.] [¶] Our Supreme Court recently reiterated the obligations of appellate courts in reviewing claims of ineffective assistance of counsel: ' " 'Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." ' [Citation.] '[W]e accord great deference to counsel's tactical decisions' [citation], and we have explained that 'courts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight' [citation]. 'Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts.' [Citation.]" ' [Citation.]" (*Montoya*, *supra*, 149 Cal.App.4th at p. 1147.) " 'Competent counsel is not required to make all conceivable motions or to leave an exhaustive paper trail for the sake of the record. Rather, competent counsel should realistically examine the case, the evidence, and the issues, and pursue those avenues of defense that, to their best and reasonable professional judgment,

6

seem appropriate under the circumstances. [Citation.]' [Citation.]" (*Montoya*, *supra*, 149 Cal.App.4th at pp. 1147–1148.)

"To establish prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Citations.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citation.] In demonstrating prejudice, the appellant 'must carry his burden of proving prejudice as a "demonstrable reality," not simply speculation as to the effect of the errors or omissions of counsel.' [Citation.]" (*Montoya*, *supra*, 149 Cal.App.4th at p. 1147.)

In the context of a guilty plea, the " ' "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial.' " (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1419 (*Breslin*), quoting *Hill v. Lockhart* (1985) 474 U.S. 52, 59.)

A court does not have to address both components of the ineffective assistance inquiry if the defendant makes an insufficient showing on one. (*Strickland*, *supra*, 466 U.S. at p. 697.) Specifically, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the

7

ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Ibid.*)

Cervantes admits that he cannot establish that he was prejudiced by his counsel's purportedly deficient performance, arguing that "it is difficult to establish prejudice for the ineffective assistance of counsel claim . . . because no one can presently determine whether a defense motion to quash or traverse would have been successful." We agree with this assessment. The only evidence that Cervantes presents in support of his position that he was prejudiced is his own self-serving declaration. In that declaration, Cervantes claims, "If I had known that there was a basis for challenging the search of my residence in this case, I would have told my counsel to go forward with that motion . . . ." Cervantes does not contend that he would not have entered a no contest plea and agreed to a five-year sentence if he had known that there was a basis for challenging the search.

A defendant's self-serving declaration is insufficient on its own to establish a basis for withdrawing a guilty plea on the ground of ineffective assistance of counsel (cf. *In re Alvernaz* (1992) 2 Cal.4th 924, 938 [a defendant's self-serving statement that he or she would have accepted a proffered plea bargain if provided competent advise must be corroborated independently by objective evidence]). Further, Cervantes has made no showing that the identity of the confidential information would have been helpful to him, even if it had been revealed. Cervantes claims in his declaration only that he would have sought to go forward with the motion to challenge the search warrant. Since there is no showing that a challenge to the search warrant might have been successful, or that Cervantes would not have agreed to enter a no contest plea if he had known there was a

possibility of challenging the search warrant, Cervantes cannot establish that his attorney's conduct affected the outcome of the plea process. (See *Breslin*, *supra*, 205 Cal.App.4th at p. 1419.)

Because Cervantes cannot establish that he suffered prejudice from his counsel's alleged failure to investigate the confidential informant, we need not address the other element of his ineffective assistance of counsel claim. (See *Strickland*, *supra*, 466 U.S. at p. 697.)[5]

---

[5] Cervantes also would have had difficulty establishing the other prong of a claim of ineffective assistance of counsel, i.e., that his first attorney's performance was deficient. As the district attorney stated on the record in the trial court, defense counsel is not required to filed a suppression motion each time the *Hobbs* procedure is used, and the policy of the district attorney's office is to increase the terms of a plea offer if a motion to traverse or quash a warrant is denied. The record does not demonstrate that Cervantes's trial counsel did *not* consider this and/or weigh other considerations in deciding whether to move to traverse the search warrant to seek the identity of the confidential informant. Given the " 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' [citation]" (*People v. Vines* (2011) 51 Cal.4th 830, 876), it is unlikely that Cervantes would have been able to meet his burden to demonstrate that his counsel's performance was deficient.

IV.

DISPOSITION

The judgment is affirmed.

                                                                          AARON, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
O'ROURKE, J.