Filed 9/8/14  P. v. Nichols CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Plumas)

----

| | |
|---|---|
| THE PEOPLE, | C075031 |
| Plaintiff and Respondent, | (Super. Ct. No. F13-00188) |
| v. | |
| GERALD EDMUND NICHOLS, | |
| Defendant and Appellant. | |

Following the trial court's denial of his motions to traverse and quash the search warrant and suppress evidence, a jury found defendant Gerald Edmund Nichols guilty on two counts of possession of methamphetamine for the purpose of sale (Health & Saf. Code, § 11378) and failing to appear while out on bail (Pen. Code, § 1320.5).  The jury also found true allegations that defendant committed certain of his crimes while out on bail or on his own recognizance.  The trial court sentenced defendant to an aggregate term of six years eight months in state prison.

1

## PROCEDURAL BACKGROUND

In March 2013, a trial court judge signed a warrant commanding the search of defendant's residence and the persons found therein for drugs and evidence related to the sale of drugs. The judge also ordered part of the search warrant affidavit sealed to protect the identity of one or more confidential informants. Police then searched the residence and grounds and found 20 grams of methamphetamine, five fentanyl patches, five cell phones, a computer monitor connected to a video and audio surveillance system, a gram scale, "dozens" of unused two-inch by two-inch baggies, and a police scanner.

Before proceeding to trial, defendant brought motions following the procedure set forth in *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*), to have the trial court conduct an in camera review of the sealed material to determine whether the sealing was proper and to traverse and quash the warrant. The trial court did so and (1) found the affidavit was properly sealed; (2) denied the motion to traverse the warrant because after reviewing the "sealed information for any inconsistencies or any insufficiencies," the trial court found, "there is no reasonable probability that . . . defendant would prevail on the motion to traverse"; and (3) denied the motion to quash the warrant because there was probable cause to search defendant's residence.

## DISCUSSION

Under *Hobbs*, "[o]n a properly noticed motion by the defense seeking to quash or traverse [a] search warrant" where any portion or all of the search warrant affidavit has been sealed, "the lower court should conduct an in camera hearing . . . . It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs*, *supra*, 7 Cal.4th at p. 972.)

"If the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit . . . .  Generally, in order to prevail on such a challenge, the defendant must demonstrate that (1) the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the allegedly false statement is necessary to the finding of probable cause.' "  (*Hobbs*, *supra*, 7 Cal.4th at p. 974.)

"If the trial court determines that the materials . . . before it do not support defendant's charges of material misrepresentation, the court should simply report this conclusion to the defendant and enter an order denying the motion to traverse."  (*Hobbs*, *supra*, 7 Cal.4th at p. 974.)

"Similarly, if the affidavit is found to have been properly sealed and the defendant has moved to quash the search warrant [citation], the court should proceed to determine whether, under the 'totality of the circumstances' presented in the search warrant affidavit . . . there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant.  [Citations.]  In reviewing the magistrate's determination to issue the warrant, it is settled that 'the warrant can be upset only if the affidavit fails as a matter of law . . . to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause, since it is the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony.' "  (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)

"If the court determines, based on its review of all relevant materials, that the affidavit . . . furnished probable cause for issuance of the warrant . . . , the court should simply report this conclusion to the defendant and enter an order denying the motion to

3

quash." (*Hobbs*, *supra*, 7 Cal.4th at p. 975.) "In all instances, a sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the search warrant application for possible appellate review." (*Ibid*.) On appeal, we review for abuse of discretion. (See *id*. at p. 976.)

Here, defendant asks us to review the trial court's determinations under *Hobbs*. Having reviewed the sealed and unsealed portions of the search warrant affidavit, we find no abuse of discretion. The trial court correctly determined that the confidential portion of the affidavit was properly sealed. Additionally, the trial court correctly determined there was probable cause to support issuance of the warrant. Therefore, the trial court properly denied defendant's motions.

**DISPOSITION**

The judgment is affirmed.

                                        BUTZ                , J.


We concur:


        NICHOLSON        , Acting P. J.


        MURRAY          , J.


4