Filed 2/25/15  P. v. Woodcox CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE, | C076105 |
| Plaintiff and Respondent, | (Super. Ct. No. CM034657) |
| v. | |
| GREGORY SCOTT WOODCOX, | |
| Defendant and Appellant. | |

After the trial court denied defendant Gregory Scott Woodcox's motion to suppress evidence and to quash/traverse a search warrant, he pleaded no contest to possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1)) and admitted two prior prison terms under Penal Code, section 667.5, subdivision (b).  The trial court sentenced defendant to an aggregate term of four years in state prison.

On appeal, defendant asks this court to independently examine the sealed affidavit submitted in support of the search warrant to assess whether the trial court erred in sealing the affidavit and concluding that probable cause supported the issuance of the warrant.  We conclude the trial court did not err in sealing the affidavit in support of the search warrant or in concluding that the warrant was based on probable cause.

1

BACKGROUND

Butte County Sheriff's deputies served a search warrant on defendant's home; the basis for the search warrant was that defendant, a felon, was in possession of firearms. Defendant was home at the time of the search; he asked one of the deputies for "a copy of a probable cause." The deputy told defendant he did not have one to give to him. Defendant demanded to know "who turned [him] in." In defendant's home, deputies found a loaded .22-caliber handgun, a 12-gauge shotgun, and a shotgun with a shortened barrel. Deputies also found .22-caliber ammunition, a box of shotgun shells, and 12-gauge shells. All of the weapons and ammunition were found in defendant's bedroom.

DISCUSSION

Under *Hobbs*, "[o]n a properly noticed motion by the defense seeking to quash or traverse [a] search warrant" where any portion or all of the search warrant affidavit has been sealed, "the lower court should conduct an in camera hearing . . . . It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*People v. Hobbs* (1994) 7 Cal.4th 948, 972 (*Hobbs*), fn. omitted.)

"If the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit . . . . Generally, in order to prevail on such a challenge, the defendant must demonstrate that (1) the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the allegedly false statement is necessary to the finding of probable cause.' " (*Hobbs, supra*, 7 Cal.4th at p. 974.)

2

"If the trial court determines that the materials . . . before it do not support defendant's charges of material misrepresentation, the court should simply report this conclusion to the defendant and enter an order denying the motion to traverse." (*Hobbs, supra*, 7 Cal.4th at p. 974.)

"Similarly, if the affidavit is found to have been properly sealed and the defendant has moved to quash the search warrant [citation], the court should proceed to determine whether, under the 'totality of the circumstances' presented in the search warrant affidavit . . . there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant. [Citations.] In reviewing the magistrate's determination to issue the warrant, it is settled that 'the warrant can be upset only if the affidavit fails as a matter of law . . . to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause, since it is the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony.' " (*Hobbs, supra*, 7 Cal.4th at p. 975.)

"If the court determines, based on its review of all the relevant materials, that the affidavit . . . furnished probable cause for issuance of the warrant . . . , the court should simply report this conclusion to the defendant and enter an order denying the motion to quash." (*Hobbs, supra*, 7 Cal.4th at p. 975.) "In all instances, a sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the search warrant application for possible appellate review." (*Ibid*.) On appeal, we review for abuse of discretion. (*See id*. at p. 976.)

Here, defendant asks us to review the trial court's determinations under *Hobbs*. Having reviewed the sealed search warrant affidavit, we find no abuse of discretion. The trial court correctly determined the affidavit was properly sealed. Additionally, the trial

3

court correctly determined there was probable cause to support issuance of the warrant. Therefore, the trial court properly denied defendant's motions.

## DISPOSITION

The judgment is affirmed.



    BLEASE          , Acting P. J.


We concur:


    NICHOLSON      , J.


    HULL          , J.