Filed 6/16/15  P. v. Holt CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK HOLT,<br><br>    Defendant and Appellant. | 2d Crim. No. B261670<br>(Super. Ct. No. 2013015882)<br>(Ventura County) |

Mark Wade Holt pleaded guilty to possession of methamphetamine (Health  & Saf. Code, § 11377, subd. (a)), and receiving stolen property.  (Pen. Code, § 496, subd. (a)(1).)  The trial court reduced both felonies to misdemeanors, deferred entry of judgment on the methamphetamine offense and granted summary probation on the receiving stolen property offense.  Appellant requests that we independently review the record to determine whether the trial court properly denied his motion to unseal a search warrant affidavit and supporting confidential attachment, and to traverse and quash the warrant.  (See, e.g., *People v. Hobbs* (1994) 7 Cal.4th 948, 971-975.)  Respondent did not oppose that request.  After an independent review, we affirm.

1

*Facts*

Appellant's house, vehicle and person were searched by the Ventura County Sheriff's Department pursuant to a warrant. Methamphetamine and stolen property recovered during the search formed the basis for offense to which appellant pled guilty. Probable cause for the search warrant was established, in part, by a confidential attachment to the search warrant affidavit. This document was sealed by the Superior Court. Appellant moved to unseal the confidential attachment and to traverse and quash the warrant. After conducting an in camera review, the trial court found the attachment had been properly sealed, that the affidavit was not subject to a motion to traverse and that it provided probable cause for issuing the warrant. Accordingly, the trial court denied appellant's motion.

*Discussion*

The sole issue raised on appeal is whether the trial court properly denied appellant's motion to unseal the confidential attachment and to traverse and quash the warrant. Where a defendant challenges a search warrant issued on the basis of confidential documents placed under seal, the trial court is required to conduct an in camera hearing. At that hearing, the trial court determines whether valid grounds exist for maintaining any confidential documents under seal. It also determines whether there is a reasonable probability the warrant was based on false statements and is therefore subject to a motion to traverse, and whether the sealed documents furnished probable cause for issuing the warrant. (*People v. Hobbs, supra,* 7 Cal.4th at pp. 971-975.)

Here, the trial court followed the proper procedure. We independently review the record, including any sealed materials, to determine whether its findings constituted an abuse of discretion. (*People v. Martinez* (2005) 132 Cal.App.4th 233, 241.) Our independent review confirms the trial court's determinations. We agree with the trial court that there are sufficient grounds for maintaining the confidentiality of the informant's identity, and that the extent of the sealing is

2

necessary for that purpose .  We also agree there is no reasonable probability that appellant could prevail on his motions to quash and traverse the warrant.

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____


California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard Lennon, Staff Attorney, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L, Mar, Deputy Attorney General, for Plaintiff and Respondent.