Filed 10/8/15  P. v. Earwood CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C076247 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F3520) |
| v. | |
| CLOYCE RAY EARWOOD, | |
| Defendant and Appellant. | |

Following the denial of his motions to suppress the evidence and to quash or traverse the search warrant, defendant Cloyce Ray Earwood pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378; unless stated otherwise, statutory references that follow are to the Health and Safety Code), felon in possession of a firearm (Pen. Code, § 29800, subd. (a)), and maintaining a place for the sale of controlled substances (§ 11366), while admitting two enhancements for prior drug sale convictions (§ 11370.2, subd. (c)) and a prior prison term enhancement (Pen. Code,

1

§ 667.5, subd. (b)). The trial court imposed a stipulated sentence of 11 years and four months in state prison.

On appeal, defendant contends the trial court erred in denying his motion to suppress because the search warrant was not supported by probable cause and was not subject to the good faith exception to the exclusionary rule. He additionally asks us to independently review the sealed portion of the affidavit supporting the search warrant and order additional hearings on the confidential informants. We affirm the judgment.

FACTS AND PROCEEDINGS

The following information was submitted in an affidavit submitted in support of an application for a warrant to search 19760 Paso Robles Avenue in Redding, defendant, and a Harley-Davidson motorcycle registered to Hannah Till-Earwood.

California Highway Patrol Officer Bob Carrell was a member of the Shasta County Interagency Narcotic Task Force with extensive training and experience in investigating the possession and sale of controlled substances. Between May 1, 2011, and July 1, 2011, he spoke no less than three times to a confidential informant identified in the affidavit as CI#1. Each time, CI#1 told him that defendant was selling methamphetamine in Shasta County and transporting the drugs in his Harley-Davidson motorcycle. CI#1 had known defendant for more than six months and had seen him in possession of methamphetamine on no less than three occasions in the six months before July 1, 2011. The informant also identified defendant from a photograph and said defendant lives on Paso Robles Avenue in Redding.

CI#1 was familiar with the appearance and weight of methamphetamine, having used and purchased it several times. This informant previously provided truthful information which was used to obtain a search warrant that led to the discovery of methamphetamine and the arrest of no less than three people. CI#1 was not known to

2

give inaccurate information to law enforcement officers. The informant provided the information for possible consideration in a pending criminal case.

Between April 10, 2012, and May 1, 2012, Officer Carrell met no less than three times with another confidential informant identified as CI#2. CI#2 told Officer Carrell that defendant was selling large quantities of methamphetamine in Shasta County. The informant had known defendant for more than a year and had seen him possessing methamphetamine more than three times in the prior year. CI#2 identified defendant from a photograph. The informant had not been to defendant's home but heard that it was on Paso Robles Avenue in Redding.

CI#2 was familiar with the weight and appearance of methamphetamine, having used and purchased the drug several times. The informant previously gave truthful information to law enforcement that resulted in the discovery of methamphetamine, other related contraband, and paraphernalia that led to the arrest of one person. Officer Carrell never knew CI#2 to give information to law enforcement that was not truthful. The informant was paid for the information.

Officer Carrell spoke with a citizen informant (C#1) on April 30, 2012. C#1 told him that defendant lived at 19760 Paso Robles Avenue in Redding. C#1 had known defendant for more than a year and identified him in a photograph.

A search of jail booking records discovered that when defendant was booked on March 17, 2010, he told the booking officer he resided at 19760 Paso Robles Avenue in Redding. A check with Department of Motor Vehicles (DMV) records showed that defendant's driver's license was suspended and that on May 6, 2008, he provided the DMV with an address of 19760 Paso Robles Avenue in Redding. On April 30, 2012, Officer Carrell observed defendant leave the residence at 19760 Paso Robles Avenue on a Harley-Davidson motorcycle. The motorcycle was registered to Hannah Thill-Earwood at that address. A criminal records check indicated that defendant had an extensive

3

history of arrests for many types of offenses, including the possession of a controlled substance for sale.

Officer Carrell kept the identities of the informants confidential out of fear for their safety if their identities were exposed. He submitted additional information obtained from the three informants in an attachment that was sealed by the magistrate at his request.

The magistrate authorized the search warrant on May 1, 2012. A subsequent search of defendant, the motorcycle, and the residence at 19760 Paso Robles Avenue, discovered 52.3 grams of methamphetamine, 4.9 grams of concentrated cannabis, 3.0 grams of psilocybin, 108.3 grams of marijuana bud, six firearms, 119 unexpended cartridges, a switchblade knife, a brass knuckle, a police scanner, two gram scales, and various devices for using or injecting drugs.

Defendant filed motions to suppress the evidence, to traverse the warrant, and to quash the warrant. After examining the affidavit and the confidential material, the trial court denied the motions.

DISCUSSION

Defendant contends the trial court erred in denying his motions to suppress the evidence and quash and traverse the warrant. He asserts that the unsealed portion of the affidavit does not support probable cause because it relied on stale, unreliable, and uncorroborated information. Defendant additionally claims that the affidavit was defective for failing to connect his alleged drug activity with the searched residence. He also asks us to review the sealed material for whether probable cause to search exists and whether material misstatements were made in the affidavit.

4

# I

## *The Motion to Suppress*

A defendant may move to suppress evidence obtained as the result of a search or seizure on the ground that there was not probable cause for the issuance of the search warrant. (Pen. Code, § 1538.5, subd. (a)(1)(B)(iii).) If the defendant moves to quash the search warrant, "the court should proceed to determine whether, under the 'totality of the circumstances' presented in the search warrant affidavit and the oral testimony, if any, presented to the magistrate, there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant. [Citations.]" (*People v. Hobbs* (1994) 7 Cal.4th 948, 975 (*Hobbs*).)

"In reviewing the magistrate's determination to issue the warrant, it is settled that 'the warrant can be upset only if the affidavit fails as a matter of law [under the applicable standard announced in *Illinois v. Gates* [(1983)] 462 U.S. [213,] 238 [76 L.Ed.2d [527,] 548] to set forth sufficient competent evidence supportive of the magistrate['s] finding of probable cause, since it is the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony. [Citations.]' [Citation.]" (*Hobbs, supra*, 7 Cal.4th at p. 975.) Thus, "[t]he magistrate's determination of probable cause is entitled to deferential review. [Citations.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1041.)

However, the courts independently determine whether, on the facts as found by the magistrate, the search was reasonable under the Fourth Amendment. (*People v. Hunter* (2005) 133 Cal.App.4th 371, 377.)

The unsealed portion of the affidavit alleged that CI#1 said that defendant was selling methamphetamine in Shasta County between May and August 2011 and that he transported the drugs in his Harley-Davidson motorcycle. The informant also said that defendant lived on Paso Robles Avenue in Redding. The informant previously gave

information leading to a search warrant that uncovered methamphetamine and the arrest of three people. This person gave the information for consideration in a pending criminal matter.

The unsealed portion of the affidavit also alleged that between April 10, 2012, and May 1, 2012, CI#2 told Officer Carrell that defendant was selling large quantities of methamphetamine in Shasta County. This informant had known defendant for more than a year and had seen him with methamphetamine more than three times in the past year. The informant had not been to defendant's home but believed it was on Paso Robles Avenue in Redding. The second confidential informant previously gave reliable information that led to the discovery of methamphetamine and other contraband and resulted in a person's arrest. This informant was paid for the information.

A citizen informant gave an address for defendant, the residence that was searched, 19760 Paso Robles Avenue in Redding. A Harley-Davidson motorcycle was registered at that address in the name of a person with defendant's last name, and defendant gave that address as his residence when he was booked into jail in 2010.

Examined together, this information supports the magistrate's finding of probable cause to search the Paso Robles Avenue residence, defendant, and the motorcycle. Although the information from the first informant was over a year old and therefore could be considered stale, it helped confirm the statement from the second confidential informant that defendant had been selling methamphetamine in the county for the last year. Both informants stated that defendant lived on Paso Robles Avenue. The citizen informant gave the address for defendant on that street, which was corroborated by defendant's use of this address when previously booked into jail and by his giving the address to the DMV. The informants' allegations regarding the Harley-Davidson motorcycle is corroborated by that type of motorcycle being registered to a person sharing defendant's last name at the Paso Robles Avenue address.

6

While defendant correctly points out that the two confidential informants are problematic because they provided their information for consideration from law enforcement (see *People v. Kurland* (1980) 28 Cal.3d 376, 392-393 [information from police informants must be shown to be reliable]), the magistrate could reasonably rely on the police informants here. The affidavit declared that both informants previously gave reliable information that led to the discovery of methamphetamine. In addition, the two statements tended to corroborate each other, by giving similar information about defendant's drug sales. Corroboration and a previous record of accuracy establishes a police informant's credibility. (*Id.* at p. 392.)

Relying on *People v. Hernandez* (1994) 30 Cal.App.4th 919, defendant claims the affidavit does not tie the alleged drug dealing to the Paso Robles Avenue residence. *Hernandez* involved the search of a house where officers observed a known drug dealer park a car behind the house and had seen cars the dealer had driven parked behind the house; the affidavit did not provide substantial evidence the dealer lived at the house, had a right to access the residence, or even that he knew anyone who did. (*Id.* at pp. 921-922.) The court of appeal concluded the affidavit in support of the search warrant did not give probable cause to search the house since the affidavit "was silent on whether [the dealer] ever even entered the [house] or any of the other structures on the property . . . . [¶] The presence of the vehicles raised suspicions, but failed to establish a nexus between the criminal activities and the residence. [Citations.] No information was presented that [the dealer] owned the vehicles, lived at the [house], received mail or phone calls at the residence, or was seen carrying packages to and from it. Based on the totality of the circumstances, there was no substantial basis for concluding that probable cause existed for the residential search. [Citation.]" (*Id.* at pp. 923-924.)

As already discussed, the affidavit contained considerable information showing defendant resided at the Paso Robles Avenue address. Neither *Hernandez* nor any other decision requires a warrant to allege drug dealing from a residence. Where there is

7

probable cause that a person is selling contraband, a magistrate can reasonably conclude that the person stores that contraband in his or her residence, which in turn establishes probable cause to search that residence.

Since the unsealed affidavit contains credible allegations tying defendant to selling methamphetamine and living at the Paso Robles Avenue address, it provides the necessary probable cause to support the warrant.

II

*The Traverse*

Under *Hobbs*, "[o]n a properly noticed motion by the defense seeking to quash or traverse [a] search warrant" where any portion or all of the search warrant affidavit has been sealed, "the lower court should conduct an in camera hearing . . . . It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs, supra*, 7 Cal.4th at p. 972.)

"If the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit . . . . Generally, in order to prevail on such a challenge, the defendant must demonstrate that (1) the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the allegedly false statement is necessary to the finding of probable cause.' [Citation.]" (*Hobbs, supra*, 7 Cal.4th at p. 974.)

"If the trial court determines that the materials . . . before it do not support defendant's charges of material misrepresentation, the court should simply report this

8

conclusion to the defendant and enter an order denying the motion to traverse. [Citations.]" (*Hobbs, supra*, 7 Cal.4th at p. 974.)

Here, defendant asks us to review the trial court's determinations under *Hobbs*. Having reviewed the sealed portion of the search warrant affidavit, we find no abuse of discretion. The trial court correctly determined that disclosure of any portion of the factual allegations set forth in the confidential portion of the affidavit would effectively reveal the informant's identity and therefore those materials were properly sealed. Additionally, the trial court correctly determined that there was nothing to suggest any material misrepresentations or omissions were made by the affiant in applying for the search warrant and that the affidavit set forth sufficiently reliable and competent evidence to support the magistrate's finding of probable cause to issue the warrant. Therefore, the trial court properly denied defendant's motion.[1]

Since the warrant was supported by probable cause and the motion was properly denied, we need not address defendant's contention that the good faith exception to the exclusionary rule (*United States v. Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677]) did not apply.

Finally, defendant contends that we should remand the case for hearing pursuant to *Franks v. Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667] (*Franks*) to challenge the veracity of the informants' statements based on the fact that the sealed portion of the affidavit does not support probable cause and contains material misstatements.

---

[1] We also note that defendant asks us to review the sealed materials with particular care because the trial court's review of the sealed materials caused it to require the prosecutor to unseal the materials or dismiss a pending charge against defendant's wife of maintaining a place for the sale of controlled substances. Our review of the relevant materials shows the trial court's reason for this action and the evidence supporting it have no consequence on our review of the trial court's denial of the motions to suppress, traverse, or quash.

In *Franks*, the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." (*Franks, supra*, 438 U.S. at pp. 155-156 [57 L.Ed.2d at p. 672].) Since our review of the sealed material found no material misstatements and found additional information supporting probable cause, a *Franks* hearing was not and is not warranted.

DISPOSITION

The judgment is affirmed.


     HULL     , Acting P. J.


We concur:


     MAURO     , J.


     RENNER     , J.