Filed 4/27/16  P. v. Martinez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY FRANK MARTINEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B264012<br>(Super. Ct. Nos. 2012021161, 2012022588,<br>2013024324, 2013035228, 2014017319)<br>(Ventura County) |

Gregory Frank Martinez appeals an order denying his motions to disclose a sealed search warrant affidavit, and traverse and quash a search warrant. (*People v. Hobbs* (1994) 7 Cal.4th 948, 956.)  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On June 12, 2012, the Ventura County prosecutor charged Martinez with possession of methamphetamine, other drug-related crimes, and service of three prior prison terms.  (Health & Saf. Code, § 11377, subd. (a); Pen. Code, § 667.5, subd. (b).)[1] (Case No. 2012021161.)  On June 20, 2012, Martinez was charged with possession of methamphetamine, being under the influence of a narcotic, and service of three prior prison terms.  (Health & Saf. Code, §§ 11377, subd. (a), 11550, subd. (a); § 667.5, subd. (b).)  (Case No. 2012022588.)

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

In each case, Martinez waived his preliminary hearing and constitutional rights, pleaded guilty to possession of methamphetamine, and admitted the prior prison term allegations.  The trial court suspended imposition of sentence and placed Martinez on 36 months probation pursuant to section 1210.1.

Between August 2013 and August 2014, the prosecutor again charged Martinez in three prosecutions with drug-related crimes, and with prison term and on-bail allegations.  (Case Nos. 2013024324, 2013035228, 2014017319.)

*Sealed Affidavit*

Case No. 2013035228 concerned transportation and possession of heroin and methamphetamine for sale.  (Health & Saf. Code §§ 11379, subd. (a), 11378, 11352, subd. (a), 11351, subd. (a).)  Police officers had obtained a search warrant to search Martinez and any vehicle in which he was the driver or a passenger, based upon information the officers obtained from a confidential informant.  A partly sealed affidavit supported the search warrant.  Police officers executed the warrant and recovered heroin, methamphetamine, a scale, and drug paraphernalia in a vehicle in which Martinez was a passenger.  Martinez later filed a motion to quash and traverse the search warrant pursuant to the Fourth and Fourteenth Amendments.  He also filed a motion requesting the trial court to review the sealed search warrant affidavit in camera.

On February 23, 2015, the trial court held an in camera hearing outside Martinez's presence, during which it received testimony and reviewed the sealed search warrant affidavit.  The court then denied Martinez's request to disclose the affidavit as well as his asserted constitutional challenges to the search warrant.

*Plea, Conviction, and Sentencing*

Pursuant to a negotiated plea, Martinez withdrew his not guilty pleas in the three prosecutions and pleaded guilty to possession of ammunition by a felon, possession of methamphetamine for sale, and possession of heroin for sale.  (§ 30305, subd. (a)(1); Health & Saf. Code, §§ 11378, 11351, subd. (a).)  He also admitted the

2

on-bail allegation of section 12022.1, subdivision (b), and violation of the probation terms in his earlier cases. The trial court sentenced Martinez to five years eight months in prison. It imposed a $1,200 drug program fee, a $400 laboratory fee, a $900 restitution fine, a $900 parole revocation restitution fine (suspended), and awarded Martinez 593 days of presentence custody credit. (Health & Saf. Code, §§ 11372.7, subd. (a), 11372.5; §§ 1202.4, subd. (b), 1202.45.)

Martinez appeals and contends that the trial court erred by denying his motions to: 1) disclose the sealed search warrant affidavit, and 2) traverse and quash the search warrant.

*DISCUSSION*

The trial court may seal all or part of a search warrant affidavit if necessary to protect confidential information, such as the identity of an informant. (*People v. Hobbs*, *supra*, 7 Cal.4th 948, 971.) In such cases, where the defendant moves to traverse or quash the search warrant, the court is required to conduct an in camera hearing. (*Id.* at p. 972.) The court must then determine whether there are sufficient grounds for maintaining the confidential information and the extent of the sealing necessary to preserve the confidentiality. (*Ibid.*) We independently review the court's decision regarding sealing of the affidavit and apply an abuse-of-discretion standard to the court's decision. (*Id.* at p. 976; *People v. Martinez* (2005) 132 Cal.App.4th 233, 241-242.)

If the trial court determines that all or part of the search warrant affidavit was properly sealed, it must decide if defendant's motion to traverse has merit, i.e., whether there is a reasonable probability the affidavit includes a false statement made knowingly and intentionally or with reckless disregard of the truth, and whether the false statement is necessary to the finding of probable cause. (*People v. Hobbs*, *supra*, 7 Cal.4th 948, 974.) If not, the court must so inform the defendant and deny the motion. (*Ibid.*) If the court determines there is a reasonable probability that the defendant will prevail on the motion, the prosecutor must be given the option of

3

disclosing the sealed materials, or suffering the entry of an adverse order on the motion to traverse. (*Id.* at pp. 974-975.)

If the defendant has also moved to quash the search warrant, the trial court must determine whether, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime would be found in the place searched pursuant to the warrant. (*People v. Hobbs*, *supra*, 7 Cal.4th 948, 975.) If the court determines there was such probable cause, it should so inform the defendant and deny the motion. (*Ibid.*) If it determines there is a reasonable probability the defendant will prevail on his motion, the prosecutor must either disclose the sealed materials to the defense or suffer the entry of an adverse order on the motion to quash. (*Ibid.*)

At Martinez's request, we have reviewed the sealed search warrant affidavit as well as the sealed transcript of the in camera hearing conducted pursuant to *People v. Hobbs*, *supra*, 7 Cal.4th 948, 972.[2] We conclude that sufficient grounds exist to maintain the confidentiality of the information contained therein, and sealing was necessary for that purpose. Thus, the trial court did not err by denying Martinez's request to disclose the search warrant affidavit.

The trial court also did not err by denying the motions to traverse and quash the search warrant. The sealed affidavit did not contain any material misrepresentations or omissions and provided probable cause to search Martinez's person and vehicle. (*People v. Sandoval* (2015) 62 Cal.4th 394, 409 [statement of rule that a defendant can challenge a search warrant by showing that the affiant deliberately or recklessly omitted material facts that negate probable cause when added to the affidavit]; *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 369-370 [statement of rule that probable cause for issuance of a warrant requires a showing that

---

[2] We have augmented the appellate record to include the search warrant and the affidavit in support of the search warrant. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

4

it is substantially probable there is specific property lawfully subject to seizure presently located in the particular place for which the warrant is sought].)

The judgment (order) is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

5

Charles W. Campbell, Judge

Superior Court County of Ventura

_____


Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stacy S. Schwartz, David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.