Filed 9/29/20  P. v. Fao CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICKY FAO,<br><br>    Defendant and Appellant. | 2d Crim. No. B300109<br>(Super. Ct. No. BA453004)<br>(Los Angeles County) |

Ricky Fao appeals from the judgment after pleading no contest to attempted murder.  (Pen Code,[1] §§ 187, subd. (a), 664.)  He admitted a gang allegation and one prior strike allegation.  (§§ 186.22, subd. (b)(1)(C), 667, subds. (b)-(i), 1170.12, subd. (b).)  The court sentenced Fao to 20 years in state prison (five years for attempted murder, doubled for the prior strike allegation, and 10 years for the gang allegation).

---

[1] Further unspecified statutory references are to the Penal Code.

Fao requests that we independently review the wiretap warrant affidavit that was considered by the trial court to determine whether the court properly determined that the sealed portions of the affidavit should remain sealed and whether it properly denied the motion to quash the warrant. (*People v. Hobbs* (1994) 7 Cal.4th 948, 971 (*Hobbs*).) After conducting our independent review of the record, we affirm.

## PROCEDURAL HISTORY

Police officers obtained a warrant for wiretaps on Fao's phone based in part on information provided by a confidential informant. The sealed portion of the affidavit describes the police contact with the informant.

Fao moved to quash the warrant and suppress the evidence on the ground that the affidavit did not establish probable cause. (§ 1538.5.) He argued that the affiant's statements were conclusory and the information in the affidavit was stale. The trial court conducted an in camera review of the application and affidavit, including the sealed portions.

At the hearing, the court found there was "a lot of probable cause in the warrant." The court noted that the sealed portion of the affidavit "made a big difference." The court also found that the "legal reasons for obtaining a Hobbs warrant were met in this case" and that none of the sealed portions should be revealed to the defense. The court denied the motion to suppress.

## DISCUSSION

A trial court may seal all or part of a warrant affidavit if necessary to protect confidential information. (*Hobbs*, *supra*, 7 Cal.4th at p. 971; *People v. Acevedo* (2012) 209 Cal.App.4th 1040, 1054 [*Hobbs* procedures apply to wiretap authorization orders].) Where a defendant moves to quash the

2

warrant, the court is required to conduct an in camera hearing to determine whether there are sufficient grounds to keep the information confidential and the extent of sealing necessary to preserve confidentiality.  (*Hobbs*, at p. 972.)

"[I]f the affidavit is found to have been properly sealed and the defendant has moved to quash the search warrant [citation], the court should proceed to determine whether, under the 'totality of the circumstances' presented in the search warrant affidavit . . . presented to the magistrate, there was 'a fair probability' that . . . evidence of a crime would be found in the place searched pursuant to the warrant."  (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)  "If the court determines, based on its review of all the relevant materials, that the affidavit and related materials furnished probable cause for issuance of the warrant . . . [citation], the court should simply report this conclusion to the defendant and enter an order denying the motion to quash."  (*Ibid*.)

We independently review the record and the sealed materials.  (*Hobbs*, *supra*, 7 Cal.4th at p. 976.)  We review the court's sealing order and ruling on the motion to quash the warrant for abuse of discretion.  (*Ibid*.)

Based on our review of the sealed portion of the affidavit, the trial court properly denied the motion to quash because the affidavit in its entirety provides probable cause for issuance of the warrant.  In addition, sufficient grounds exist to maintain the confidentiality of the information contained in the affidavit, and sealing is necessary for that purpose.

3

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

4

Stephen A. Marcus, Judge

Superior Court County of Los Angeles

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.